# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SNOW COVERED CAPITAL, LLC,

      Plaintiff(s),

v.

WILLIAM WEIDNER, et al.,

      Defendant(s).

Case No.: 2:19-cv-00595-JAD-NJK

**Order**

[Docket Nos. 27, 33]

Pending before the Court is Plaintiff's motion for expedited discovery to take the deposition of nonparty John Knott prior to the Rule 26(f) conference, which Plaintiff filed on an emergency basis. Docket No. 34. Defendants filed a response in opposition. Docket Nos. 32, 34 (joinder), 35 (joinder). Plaintiff filed a reply. Docket No. 39. Defendants also filed a counter-motion for protective order. Docket Nos. 33, 34 (joinder), 35 (joinder). Plaintiff filed a response in opposition. Docket No. 40. These motions are properly resolved without a hearing. *See* Local Rule 72-1. For the reasons discussed below, the motion for expedited discovery is hereby **DENIED** and the counter-motion for protective order is **DENIED** as unnecessary.[1]

---

[1] The Court issued a minute order denying the motion for expedited discovery on June 25, 2019, indicating that this written order would follow. *See* Docket No. 42. The Court will issue a somewhat truncated analysis herein so that its reasoning can be available to the parties in an accelerated manner.

1

# I.    BACKGROUND

This is a civil case arising out of loan agreements for the now-defunct Lucky Dragon Hotel and Casino.  Docket No. 1.  Plaintiff is seeking to recover from Lucky Dragon and individual guarantors for losses associated with a loan default.  The complaint was filed on April 8, 2019.  Defendants answered the complaint on June 18 and June 19, 2019.  Docket Nos. 19, 21, 22.  Given that recent appearance, no discovery conference has taken place pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

Mr. Knott is not a party to this action, but he participated in the marketing of the Lucky Dragon before and after the foreclosure of the property.  He has been diagnosed with Stage IV pancreatic cancer and has approximately one month before he passes away.  Knott Decl. (Docket No. 29) ¶ 7.  He has already hosted a "final going away party."  *Id.* at ¶ 8.  Mr. Knott is preparing to enter hospice care.  *Id.*  He has been prescribed medications to help manage his anticipated pain and to provide him comfort, medications that will interfere with his ability to testify.  *Id.* at ¶ 9.  Notwithstanding the above, Plaintiff obtained a declaration from Mr. Knott that he is available on a few dates to be deposed "[a]ssuming that [his] medical condition permits."  *Id.* at ¶ 10.

The instant dispute centers on whether the Court should allow early discovery for that deposition. [2]

# II.    STANDARDS

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosures under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  Fed. R. Civ. P.

---

[2] As a threshold matter, the Court notes Defendants' objections to the timing of this emergency motion.  Docket No. 32 at 7.  When an attorney unreasonably delays in filing an emergency motion, the Court may deny the motion outright on that basis.  *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1143 (D. Nev. 2015).  The instant motion was filed at 6:54 p.m. on Friday, June 21, 2019, *see* Docket No. 27 (notice of electronic filing), and sought the allowance for the deposition to move forward on Tuesday, June 25, 2019, *see* Docket No. 27 at 2.  The reply acknowledges that simply providing time to resolve the dispute rendered it impossible for the deposition to move forward on June 25, 2019, which raises the prospect of the deposition occurring even later within the window of Mr. Knott's remaining time.  *See* Docket No. 39 at 3.  While the Court shares Defendants' concerns that this timing was unreasonable, it declines to ultimately weigh in on that issue as the motion fails on its merits at any rate.

26(d); *see also* Fed. R. Civ. P. 30(a)(2)(A)(iii) (addressing the need to obtain leave of court for depositions taken before the Rule 26(d) timeframe). Early discovery may be permitted by court order upon a showing of good cause. *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009).[3] The party seeking expedited discovery bears the burden of making that showing. *Id.* Because expedited discovery is not the norm, the movant must make a *prima facie* showing of the *need* for that expedited discovery. *Id.* A finding of good cause may be made where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *Id.* Court engage in that balancing analysis by evaluating the reasonableness of the request in light of all the surrounding circumstances. *Id.* at 1067.[4] At bottom, courts have "wide discretion" in determining whether the circumstances justify expedited discovery. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)).

Moreover, courts always maintain the discretion, in the interests of justice, to prevent excessive or burdensome discovery. *American LegalNet*, 673 F. Supp. 2d at 1067; *see also* Fed. R. Civ. P. 30(a)(2)(A)(iii) (incorporating limitations on discovery in Rule 26(b)). Courts are more likely to authorize expedited discovery on specific, limited topics. *See* 8A Wright, Miller & Marcus, FEDERAL PRACTICE AND PROCEDURE, § 2046.1 at p. 291 (2019 suppl.). On the other hand, courts generally eschew requests for open-ended discovery at this stage, such as "a free ranging deposition" for which there is not sufficient time or information to prepare. *Semitool*, 208 F.R.D. at 277.

---

[3] A request for expedited discovery generally arises in the context of a motion for preliminary injunction or a motion challenging personal jurisdiction. *See El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004); *see also* Fed. R. Civ. P. 26, Advisory Committee Notes (1993). Such a request has also arisen in the context of a plaintiff seekign discovery to identify a doe defendant. *See, e.g.*, *Rotten Records, Inc. v Doe*, 108 F. Supp. 3d 132, 133 (W.D.N.Y. 2015). Plaintiff has presented no legal authority regarding a request for expedited discovery to obtain deposition testimony from a terminally-ill nonparty witness.

[4] "Factors commonly considered in determining the reasonableness of expedited discovery include, but are not limited to: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *American LegalNet*, 673 F. Supp. 2d at 1067 (citation and internal quotation omitted).

### III. ANALYSIS

Plaintiff's motion fails to show good cause for the relief requested. As a threshold matter, Plaintiff's highlight that Mr. Knott "generous[ly] offer[ed] to testify" and "volunteered to give his deposition." *See* Docket No. 43 at 1. The Court is not privy to Mr. Knott's beliefs other than understanding them from his attestations in his declaration that he "could attend a deposition" and would be "available" if his medical condition permits. *See* Knott Decl. at ¶ 10. These statements do not strike the Court as someone excited about spending his precious remaining time being deposed in a civil suit about a loan agreement. At any rate, the Court is aware that Mr. Knott himself has not objected to the deposition.

Nonetheless, the remaining circumstances make clear that allowing expedited discovery to conduct this deposition is not justified. Most significantly, there has been no showing that there is any need for the deposition testimony. The motion identifies certain issues related to affirmative defenses on which Mr. Knott may have relevant knowledge. *See* Docket No. 27 at 5-6. The motion also indicates that his testimony "may be relevant" to expert witness opinions. *See id.* at 6. Problematically, the motion does not identify any facts or subjects that are uniquely known to Mr. Knott and cannot be attested to by other employees or a Rule 30(b)(6) deponent. To the contrary, Plaintiff conceded during the meet-and-confer process that "[m]ost *if not all* of what [Mr. Knott] can testify to can be covered by other CBRE marketing team members." Docket No. 32-3 at 2 (emphasis added).[5] Given this concession that deposition testimony can be obtained from other witnesses, there is no need to proceed with Mr. Knott's deposition now. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i) (courts should not permit discovery that "can be obtained from some other source that is more convenient, less burdensome, or less expensive").

The Court is also persuaded by Defendants' argument that allowing a free-wheeling deposition would be prejudicial. *See, e.g.*, Resp. at 4, 7-8. Plaintiff contends that it is proper to

---

[5] Plaintiff asserts in reply that there is "some truth" to the fact that Mr. Knott may not have any unique knowledge, but insists that he "*may have*" knowledge of facts or occurrences on which other representatives of CBRE competently testify. Docket No. 39 at 6 (emphasis added). Plaintiff bears the burden of establishing good cause to justify this deposition, and its speculation that the deposition may in some unknown manner not duplicate later testimony by other witnesses falls well short of meeting that burden.

conduct this deposition now so that Mr. Knott's deposition testimony can be preserved and the other parties have their own opportunity to examine Mr. Knott. *See* Docket No. 27 at 5. At the same time, Plaintiff has not clearly identified what ground this deposition will cover. Indeed, Plaintiff represents amazingly in reply that it still does not know what information it will seek at the deposition. Docket No. 39 at 5 ("SCC is still determining how to use its thirty minutes of testimony"). For depositions taken outside the normal course of discovery, this alone is highly problematic. *Cf.* Fed. R. Civ. P. 27(a)(1)(C) (to obtain an order to allow a pre-litigation deposition to preserve testimony, the movant must identify "the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it"). The prejudice from conducting a blind deposition is heightened by the shortened notice to opposing counsel of the deposition and the very limited time for the deposition itself.[6] Moreover, no discovery has been conducted in this case, so the parties are unaware what documentary evidence may bear on the issues that will in fact be discussed. Defendants cannot examine (or cross-examine) Mr. Knott effectively without an understanding of the issues that will be discussed and how discovery that is obtained bears on the answers provided.

In short, this case involves a nonparty in his final days. No showing has been made that he has unique knowledge or that his testimony will not be duplicative of other deposition testimony. In fact, Plaintiff's counsel acknowledges the contrary. No guidance has been provided as to the testimony that would be covered, and no discovery has been conducted that would enable effective examination by opposing counsel. These are not circumstances that establish good cause for early discovery to conduct that deposition.

## IV.     COUNTER-MOTION FOR PROTECTIVE ORDER

Defendants have filed a counter-motion for protective order to preclude the deposition from moving forward. Docket No. 33 at 9-11. The Court has declined to issue an order allowing that

---

[6] Plaintiff proposes a deposition for all four interested parties that covers a total of two hours (*i.e.*, 30 minutes per party). *See* Docket No. 27 at 5. The Court certainly appreciates the attempt to limit the burden on Mr. Knott. At the same time, it is unclear how attorneys working largely in the blind could protect their clients' interests in 30 minutes.

deposition to move forward. As a consequence thereof, the deposition cannot take place by simple operation of the governing rules. Fed. R. Civ. P. 26(d). There is no need for a protective order.

## V.    CONCLUSION

For the reasons discussed above, the motion to compel is hereby **DENIED**. The counter-motion for protective order is hereby **DENIED** as moot.

IT IS SO ORDERED.

Dated: June 26, 2019

_____
Nancy J. Koppe
United States Magistrate Judge