UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SNOW COVERED CAPITAL, LLC,

    Plaintiff(s),

v.

WILLIAM WEIDNER, et al.,

    Defendant(s).

Case No.: 2:19-cv-00595-JAD-NJK

**REPORT & RECOMMENDATION**

(Docket No. 51)

Pending before the Court is Plaintiff's motion to strike Defendant Andrew Fonfa's answer at Docket No. 22. Docket No. 51. The Court has considered Plaintiff's motion, Defendant Fonfa's response, and Plaintiff's reply. Docket Nos. 51, 62, 84. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons stated below, the Court **RECOMMENDS** that the motion be **GRANTED** in part and **DENIED** in part.

**I.    BACKGROUND**

This case arises from a loan by Plaintiff to Defendant Lucky Dragon LP (LDLP) to build a new hotel and casino. Docket No. 1 at 2. Defendants Fonfa, William Weidner, and David Jacoby signed a guaranty for the loan. Docket No. 51 at 2. Plaintiff sues Defendants because, it alleges, Defendant "LDLP did not repay the loan, the Guarantor Defendants refused to [honor] the Guaranty, and" Plaintiff, upon selling the hotel and casino, "incurred a substantial deficiency." *Id.* Plaintiff alleges breach of contract and deficiency claims against Defendants. *Id.*

**II.   ANALYSIS**

Courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The rule's aim is "to avoid the expenditure of time and money that [arises] from litigating spurious issues by dispensing with" them before trial. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993).

Whether to grant a motion to strike is within the district court's discretion. *See Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). However, such motions are usually disfavored.

*Nevada Fair Hous. Ctr., Inc. v. Clark County*, 565 F. Supp. 2d 1178 (D. Nev. 2008) (citations omitted). "[C]ourts often require a showing of prejudice by the moving party before granting the requested relief." *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013) (internal quotation omitted). Further, "[u]nless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings." *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (citing *Wyshak v. City Nat't Bank*, 607 F.2d 824, 826 (9th Cir. 1979)).

Plaintiff's instant motion requests that the Court strike "paragraphs 40 and 50 and all [] the affirmative defenses" in Defendant Fonfa's answer. Docket No. 51 at 3. The Court addresses the paragraphs and affirmative defenses in turn.

### A.   Paragraphs 40 and 50

Paragraphs 40 and 50 of Plaintiff's complaint allege that it had "performed all conditions required of it" under "the Construction Loan Agreement, Secured Promissory Note, and Secured Lined of Credit[]" and under the "Guaranty and the Loan Documents." Docket No. 1 at 8, 9. Defendant Fonfa's response to paragraph 40 states that "Plaintiff's First Cause of Action does not assert a claim against [him], and accordingly no response [] is required. To the extent a response is required, [he] denies the allegations . . . ." Docket No. 22 at 6. Defendant Fonfa's response to paragraph 50 states that he "denies" the allegations. *Id.* Plaintiff submits that those responses violate Fed.R.Civ.P. 9(c) and thus should be stricken.

Rule 9(c) requires a party "denying that a condition precedent has occurred or been performed" to do "so with particularity." The Ninth Circuit has not interpreted that requirement. *See Ghorbanian v. Guardian Life Ins. Co. of Am.*, 2016 WL 4467941, at *3 (W.D. Wash. Mar. 2, 2016). However, other courts in this Circuit have looked to the Seventh Circuit for guidance. *See, e.g.*, *id.* (collecting cases). The Seventh Circuit has held that Rule 9(c) requires the pleading party to "specifically allege" that a particular condition precedent has not been performed. *Smith v. Wal-Mart Stores*, 2006 WL 2711468, at *7 (N.D. Cal. Sept. 20, 2006) (citing *Runnemede Owners, Inc. v. Crest Mortg. Corp.*, 861 F.2d 1053, 1057–58 (7th Cir. 1988)).

The Court finds that Defendant Fonfa's responses violate Rule 9(c). Neither response specifically alleges that a particular condition precedent has not occurred or been performed.

2

Accordingly, the Court **RECOMMENDS** that Plaintiff's motion to strike be **GRANTED** as to paragraphs 40 and 50 of Defendant Fonfa's answer. However, the Court further **RECOMMENDS** that Defendant Fonfa be given leave to amend to cure the noted deficiencies.

### B. Affirmative Defenses

Defendant Fonfa's answer contains nineteen affirmative defenses. Docket No. 22 at 8–9. Plaintiff submits that, for several reasons, all nineteen should be stricken. Docket No. 51 at 5–17. The Court analyzes Defendant Fonfa's affirmative defenses in turn, grouped by why Plaintiff submits that they should be stricken.

#### 1. No. 1

Defendant Fonfa's affirmative defense No. 1 states that Plaintiff's complaint "fails to state valid causes of action against" him. Docket No. 51 at 16. Plaintiff submits that this is an improper affirmative defense. Docket No. 51 at 16–17.

Courts disagree about whether this type of affirmative defense should be stricken. "Some hold that a failure to state a claim occurs when one cannot establish the claim's elements; it is only after the elements have been established that affirmative defenses can be raised." *Wright v. Jacob Transp., LLC*, 2015 WL 3916001, at *5 (D. Nev. June 24, 2015) (citations omitted). Thus, "a failure to state a claim is a defect in a plaintiff's prima facie case, not a real affirmative defense." *Id.* (citations omitted). Other courts recognize "that the theory is not a true affirmative defense but find that its inclusion in [an answer is allowed] by FRCP 12(h)(2)," which provides that "'[f]ailure to state a claim upon which relief can be granted . . . may be raised' in an answer." *Id.* (citations omitted).

The Court agrees with the latter set of courts and thus finds that this affirmative defense is proper. Accordingly, the Court **RECOMMENDS** that Plaintiff's motion to strike be **DENIED** as to this affirmative defense.

#### 2. Nos. 2, 4, 6, 7, 10, 11, 12, 13, 15, and 16

The Court has considered each of these affirmative defenses. However, it will not list them all, as they share a similar form. Plaintiff submits that each one fails to give it fair notice and thus is insufficient. Docket No. 51 at 8–11. Defendant Fonfa submits that a "relaxed pleading standard

3

should apply [to No. 4] so that [he] can pursue discovery" and later amend and that the other affirmative defenses do give Plaintiff fair notice pursuant to *Wyshak v. City Nat. Bank*, 607 F.2d 824 (9th Cir. 1979).

The Court recognizes that this District is split on the proper pleading standard for affirmative defenses. *Russell Rd. Food & Beverage, LLC v. Galam*, 2013 WL 6684631, at *1 (D. Nev. Dec. 17, 2013) (discussing the divergence). However, after a close review of case law, the Court finds that the proper standard to apply is "whether [the affirmative defense] gives [the plaintiff] fair notice of the defense." *Wyshak*, 607 F.2d at 827 (citing *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957)). "The fair-notice pleading standard 'generally requires the defendant to state the nature and grounds for the affirmative defense. It does not, however, require a detailed statement of facts.'" *MetroPCS v. A2Z Connection, LLC*, 2019 WL 1244690, at *4 (D. Nev. Mar. 18, 2019) (citations omitted).

The Court finds that, save No. 4, these affirmative defenses fail to give Plaintiff fair notice. They fail to state any grounds at all and most of them simply state the name of the given affirmative defense. *See* Docket No. 22 at 8–10. However, the Court finds that No. 4 states its nature and grounds and therefore gives Plaintiff fair notice; it states that Plaintiff's claims "are barred due to [its] bad faith" because it interfered "with Defendants' efforts to market and sell the property so as to repay the loan and [its] interference with the trustee's sale." Docket No. 22 at 8. Accordingly, the Court **RECOMMENDS** that Plaintiff's motion to strike be **GRANTED** as to Defendant Fonfa's affirmative defenses Nos. 2, 6, 7, 10, 11, 12, 13, 15, and 16 and **DENIED** as to Defendant Fonfa's affirmative defense No. 4. The Court further **RECOMMENDS** that Defendant Fonfa be given leave to amend to cure the noted deficiencies.

### 3. Nos. 3 and 14

Defendant Fonfa's affirmative defenses Nos. 3 and 14 state, respectively, that "Plaintiff's claims are barred due to the fraud and deceit" of Plaintiff and that "[a]ny agreement alleged fails for lack of meeting of the minds on material terms." Docket No. 22 at 8. Plaintiff submits that these affirmative defenses sound in fraud and mistake and thus must satisfy Fed.R.Civ.P. 9(b), but do not. Docket No. 51 at 5. Defendant Fonfa submits that "a relaxed pleading standard should

4

apply [to No. 3] so that [he] can pursue discovery" and amend later and that No. 14 is sufficiently pleaded. Docket No. 62 at 8, 12–13.

Rule 9(b) applies to affirmative defenses. *Multimedia Patent Tr. v. Microsoft Corp.*, 525 F. Supp. 2d 1200, 1210 (S.D. Cal. 2007) (citations omitted). Rule 9(b) requires a party "alleging fraud or mistake" to state "with particularity the circumstances" that constitute the alleged fraud or mistake. Therefore, a party alleging an affirmative defense that sounds in fraud or mistake must allege "the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citations and internal quotation marks omitted).

The Court finds that these affirmative defenses sound in fraud and mistake and thus must satisfy Rule 9(b). The Court further finds that these affirmative defenses violate Rule 9(b) because neither of them provides the who, what, when, where, and how of the given affirmative defense. Accordingly, the Court **RECOMMENDS** that Plaintiff's motion to strike be **GRANTED** as to these affirmative defenses. The Court further **RECOMMENDS** that Defendant Fonfa be given leave to amend to cure the noted deficiencies.

### 4. No. 5

Defendant Fonfa's affirmative defense No. 5 states that "Plaintiff's claims are barred by the applicable statute of limitations or statute of repose." Docket No. 22 at 8. Plaintiff submits that this affirmative defense is insufficient, facially implausible, and frivolous, and that it otherwise fails to give Plaintiff fair notice. Docket No. 51 at 11–12. Defendant submits that "it is improper to strike affirmative defenses invoking a statute of limitations because such arguments require the Court to assess the merits of the underlying claims and are therefore best reserved for decision when addressing the parties' dispositive motions." Docket No. 62 at 10 (citing *F.T.C. v. Johnson*, 2013 WL 4039069, at *4 (D. Nev. Aug. 5, 2013)).

Although it is true that courts in this district have declined to strike an affirmative defense that invokes a statute of limitations because it would require an assessment of the claim's merits, the Court finds that this is not the situation here. The Court finds that it need not assess the merits of this affirmative defense because it fails to give Plaintiff fair notice. Defendant Fonfa fails to cite a statute of limitations or repose and identifies no relevant period, thereby failing to state the

grounds for this affirmative defense. Accordingly, the Court **RECOMMENDS** that Plaintiff's motion to strike be **GRANTED** as to this affirmative defense. The Court further **RECOMMENDS** that Defendant Fonfa be given leave to amend to cure the noted deficiencies.

### 5. No. 8

Defendant Fonfa's affirmative defense No. 8 states that "Plaintiff's claims are barred because [it] failed to obtain the licensure required to make the loan described in the Complaint." Docket No. 22 at 8. Plaintiff submits that this affirmative defense fails as a matter of law. Docket No. 51 at 11. However, Plaintiff's argument consists of two sentences and, for more developed analysis, refers to its now-denied motion to dismiss at Docket No. 50. *See id.*

The Court declines to rule on the merits of this issue for two reasons. First, Plaintiff may not circumvent its requirement to present a developed argument for each issue it requests that the Court rule on within the page limits stated in Local Rule 7-3(b). Put otherwise, parties may not adopt arguments in other pleadings in place of making a developed argument. Next, determining whether this affirmative defense "fails as a matter of law" would require the Court to assess arguments best reserved for dispositive motions. *See Johnson*, 2013 WL 4039069, at *4. Accordingly, the Court **RECOMMENDS** that Plaintiff's motion to strike be **DENIED** as to this affirmative defense.

### 6. No. 9

Defendant Fonfa's affirmative defense No. 9 states that "Plaintiff's claims are barred because Plaintiff has failed to join an indispensable party." Docket No. 22 at 8. Plaintiff submits that this affirmative defense is insufficient because it fails to identify the indispensable party. Docket No. 51 at 13. Defendant Fonfa submits that this affirmative defense is sufficient and that striking it would serve no practical purpose because "failure to join a party under Rule 19 is" not waivable. Docket No. 61 at 12.

The Court finds that this affirmative defense fails to give Plaintiff fair notice. It "states only the nature of the defense, not the grounds for it." *See MetroPCS*, 2019 WL 1244690, at *4. Defendant Fonfa "must identify" the indispensable party and why the party is indispensable. *Id.* Accordingly, the Court **RECOMMENDS** that Plaintiff's motion to strike be **GRANTED** as to

6

this affirmative defense. The Court further **RECOMMENDS** that Defendant Fonfa be given leave to amend to cure the noted deficiencies.

### 7. No. 17

Defendant Fonfa's affirmative defense No. 17 states that he "has been forced to [hire] an attorney to defend this action and is therefore entitled to an award of reasonable attorneys' fees and costs." Docket No. 22 at 9. Plaintiff submits that this affirmative defense fails to "provide [it] with fair notice of [its] substance." Docket No. 51 at 14. Defendant Fonfa submits that he has "properly given notice" pursuant to Rule 9(g). Docket No. 62 at 13.

A "claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed.R.Civ.P. 54(d)(2). The Court finds that this affirmative defense fails to show how Defendant Fonfa's claim for attorneys' fees is based on substantive law. Accordingly, the Court **RECOMMENDS** that Plaintiff's motion to strike be **GRANTED** as to this affirmative defense. The Court further **RECOMMENDS** that Defendant Fonfa be given leave to amend to cure the noted deficiencies.

### 8. Nos. 18 and 19

Defendant Fonfa fails to respond to Plaintiff's argument on these affirmative defenses or otherwise address them. The failure to respond constitutes a consent to granting the same. *Knickmeyer v. Nevada ex rel Eighth Judicial Dist. Court*, 173 F. Supp. 3d 1034, 1044 (D. Nev. 2016) ("[The failure to oppose rule] does not apply solely to failure to file a physical document, but also to failure to assert in an opposition arguments that oppose those presented in the motion."). Accordingly, the Court **RECOMMENDS** that Plaintiff's motion to strike be **GRANTED** as to these affirmative defenses. As Defendant has consented to the granting of this request, the Court **RECOMMENDS** that Defendant Fonfa not be granted leave to amend these affirmative defenses.

//
///
///
///

7

## III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that:

- Plaintiff's motion to strike be **GRANTED** as to paragraphs 40 and 50 and affirmative defenses Nos. 2, 3, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, and 17 and that Defendant Fonfa be given leave to amend;
- Plaintiff's motion to strike be **GRANTED** as to affirmative defenses Nos. 18 and 19 and that Defendant Fonfa not be granted leave to amend; and
- Plaintiff's motion to strike be **DENIED** as to affirmative defenses Nos. 1, 4, and 8. Docket No. 51.

IT IS SO ORDERED.

Dated: November 22, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).