1
2
3
4
5

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

6   SNOW COVERED CAPITAL, LLC,

7         Plaintiff(s),

8   v.

9   WILLIAM WEIDNER, et al.,

10        Defendant(s).

Case No.: 2:19-cv-00595-JAD-NJK

**REPORT & RECOMMENDATION**

(Docket No. 53)

11   Pending before the Court is Plaintiff's motion to strike Defendants William Weidner and

12   David Jacoby's ("Defendants") answer at Docket No. 21.  Docket No. 53.  The Court has

13   considered Plaintiff's motion, Defendants' response, and Plaintiff's reply.  Docket Nos. 53, 63,

14   86.  The motion is properly resolved without a hearing.  *See* Local Rule 78-1.  For the reasons

15   stated below, the Court **RECOMMENDS** that the motion be **GRANTED** in part and **DENIED**

16   in part.

17   **I.    BACKGROUND**

18   This case arises from a loan by Plaintiff to Defendant Lucky Dragon LP (LDLP) to build

19   a new hotel and casino.  Docket No. 1 at 2.  Defendants Andrew Fonfa, Weidner, and Jacoby

20   signed a guaranty for the loan.  Docket No. 53 at 2.  Plaintiff sues Defendants because, it alleges,

21   Defendant "LDLP did not repay the loan, the Guarantor Defendants refused to [honor] the

22   Guaranty, and" Plaintiff, upon selling the hotel and casino, "incurred a substantial deficiency."  *Id.*

23   Plaintiff alleges breach of contract and deficiency claims against Defendants.  *Id.*

24   **II.   ANALYSIS**

25   Courts "may strike from a pleading an insufficient defense or any redundant, immaterial,

26   impertinent, or scandalous matter."  Fed.R.Civ.P. 12(f).  The rule's aim is "to avoid the expenditure

27   of time and money that [arises] from litigating spurious issues by dispensing with" them before

28   trial.  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993).

Whether to grant a motion to strike is within the district court's discretion. *See Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). However, such motions are usually disfavored. *Nevada Fair Hous. Ctr., Inc. v. Clark County*, 565 F. Supp. 2d 1178 (D. Nev. 2008) (citations omitted). "[C]ourts often require a showing of prejudice by the moving party before granting the requested relief." *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013) (internal quotation marks omitted). Further, "[u]nless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings." *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (citing *Wyshak v. City Nat't Bank*, 607 F.2d 824, 826 (9th Cir. 1979)).

Plaintiff asks the Court to strike "paragraphs 40 and 50 and [all] the affirmative defenses" in Defendants' answer. Docket No. 53 at 3. The Court addresses the paragraphs and affirmative defenses in turn.

### A.    Paragraphs 40 and 50

Paragraphs 40 and 50 of Plaintiff's complaint allege that it had "performed all conditions required of it" under "the Construction Loan Agreement, Secured Promissory Note, and Secured Lined of Credit[]" and under the "Guaranty and the Loan Documents." Docket No. 1 at 8, 9. Defendants' answer to paragraph 40 states that:

> [Defendant LDLP] borrowed money from Plaintiff. Defendants deny any allegations that are inconsistent with the terms of the Construction Loan, the Secured Promissory Note, the Secured Line of Credit and the course of dealing between the parties. Defendants further assert that any liability on the part of [Defendant LDLP] in relation to the Construction Loan[,] the Secured Promissory Note, [or] the Secured Line of Credit is subject to all defenses, offsets and counterclaims that [Defendant LDLP] and/or the Defendants may have against Plaintiff. Defendants are without knowledge to admit or deny the remaining allegations contained therein and therefore deny the same.

Docket No. 21 at 8. Defendants' answer to paragraph 50 states that they "deny" the allegations. *Id.* Plaintiff submits that these responses violate Fed.R.Civ.P. 9(c) and fail to give it fair notice and thus should be stricken.

Rule 9(c) requires a party "denying that a condition precedent has occurred or been performed" to do "so with particularity." The Ninth Circuit has not interpreted that requirement.

2

*See Ghorbanian v. Guardian Life Ins. Co. of Am.*, 2016 WL 4467941, at *3 (W.D. Wash. Mar. 2, 2016). However, other courts in this Circuit have looked to the Seventh Circuit for guidance. *See, e.g.*, *id.* (collecting cases). The Seventh Circuit has held that Rule 9(c) requires the pleading party to "specifically allege" that a particular condition precedent has not been performed. *Smith v. Wal-Mart Stores*, 2006 WL 2711468, at *7 (N.D. Cal. Sept. 20, 2006) (citing *Runnemede Owners, Inc. v. Crest Mortg. Corp.*, 861 F.2d 1053, 1057–58 (7th Cir. 1988)).

The Court finds that Defendants' answers violate Rule 9(c). Neither answer specifically alleges that a particular condition precedent has not occurred or been performed. Because Defendants' answers violate Rule 9(c), the Court need not decide whether they otherwise fail to give Plaintiff fair notice. Accordingly, the Court **RECOMMENDS** that Plaintiff's motion to strike be **GRANTED** as to paragraphs 40 and 50 of Defendants' answer. The Court further **RECOMMENDS** that Defendants be granted leave to amend to cure the noted deficiencies.

### B. Affirmative Defenses

Defendants' answer contains twenty-nine affirmative defenses. Docket No. 21 at 11–13. Plaintiff submits that, for several reasons, all twenty-nine should be stricken. Docket No. 53 at 7–18. The Court analyzes Defendants' affirmative defenses in turn, grouped by why Plaintiff submits that they should be stricken.

#### 1. Nos. 1, 2, and 6

Defendants' affirmative defenses Nos. 1, 2, and 6 state:

1. Plaintiff is barred from obtaining recovery due to its failure to comply with the provision of NRS 40.430, et. seq. and NRS 40.451, et. seq. At a minimum, a deficiency hearing is required pursuant to NRS 40.457 and Defendants are entitled to an offset (*See* NRS 40.457-40.459).

2. Plaintiff is barred from obtaining recovery due to its failure to comply with the provision of NRS 40.465, et. seq. At a minimum, a hearing is required pursuant to NRS 40.495 and Defendants are entitled to an offset (*See* NRS 40.495).

6. Plaintiff is not entitled to judgment as a result of its release and/or impairment of the collateral for the Loan and its failure to dispose of the collateral in a commercially reasonable manner.

3

Plaintiff submits that these affirmative defenses are "legally insufficient and implausible." Docket No. 53 at 8–10. Defendants submit that these affirmative defenses give fair notice to Plaintiff and are thus sufficient. Docket No. 63 at 10–11, 17.

The Court recognizes that this District is split on the proper pleading standard for affirmative defenses. *Russell Rd. Food & Beverage, LLC v. Galam*, 2013 WL 6684631, at *1 (D. Nev. Dec. 17, 2013) (discussing the divergence). However, after a close review of case law, the Court finds that the proper standard to apply is "whether [the affirmative defense] gives [the plaintiff] fair notice of the defense." *Wyshak*, 607 F.2d at 827 (citing *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957)). "The fair-notice pleading standard 'generally requires the defendant to state the nature and grounds for the affirmative defense. It does not, however, require a detailed statement of facts.'" *MetroPCS v. A2Z Connection, LLC*, 2019 WL 1244690, at *4 (D. Nev. Mar. 18, 2019) (citations omitted).

The Court finds that Defendants' affirmative defenses are sufficient. They each provide both their nature and grounds and thus give fair notice. They need not be plausible. *Finjan, Inc. v. ESET, LLC*, 2017 WL 4358128, at *2 (S.D. Cal. Oct. 2, 2017). Further, the Court declines to rule on the merits of these affirmative defenses because such a ruling would require the Court to assess arguments best reserved for dispositive motions. *See F.T.C. v. Johnson*, 2013 WL 4039069, at *4 (D. Nev. Aug. 5, 2013). Accordingly, the Court **RECOMMENDS** that Plaintiff's motion to strike be **DENIED** as to these affirmative defenses.

### 2. Nos. 3 and 15

Defendants' affirmative defenses Nos. 3 and 15 state, respectively, that "Plaintiff's claims are barred by the doctrines of mutual mistake, unilateral mistake, impossibility, or impracticability" and "Plaintiff is barred from recovery by virtue of its unclean hands and [its]" misrepresentations. Docket No. 21 at 11–12. Plaintiff submits that these affirmative defenses violate Fed.R.Civ.P. 9(b). Docket No. 53 at 5.

Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Rule 9(b) applies to affirmative defenses. *See Chiron Corp. v. Abbott Labs.*, 156 F.R.D. 219, 221 (N.D. Cal. 1994). To satisfy Rule 9(b), a party

must state "'the who, what, when, where, and how of the misconduct charged.'" *Ebeid ex rel.*
*United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (quoting *Vess v. Ciba–Geigy Corp.*
*USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

The Court finds that these affirmative defenses allege fraud and mistake. The Court further finds that these affirmative defenses fail to satisfy Rule 9(b). Neither affirmative defense states the who, what, when, where, and how of the alleged mistake or misrepresentations. Further, neither affirmative defense states the general grounds on which it is based. Accordingly, the Court **RECOMMENDS** that Plaintiff's motion to strike be **GRANTED** as to these affirmative defenses. The Court further **RECOMMENDS** that Defendants be granted leave to amend to cure the noted deficiencies.

        3.    <u>No. 5</u>

Defendants' affirmative defense No. 5 states that "Plaintiff has failed to satisfy conditions precedent to bringing any action against [them] and failed to discharge its obligations under the Guaranty." Docket No. 21 at 12. Plaintiff submits that this affirmative defense violates Rule 9(c) and fails to give fair notice and thus should be stricken. Docket No. 53 at 7.

Like Defendants' responses to paragraphs 40 and 50, this affirmative defense fails to specifically allege that a particular condition precedent has not occurred or been performed and thus violates Rule 9(c). Because this affirmative defense violates Rule 9(c), the Court need not decide whether it otherwise fails to give Plaintiff fair notice. Accordingly, the Court **RECOMMENDS** that Plaintiff's motion to strike be **GRANTED** as to this affirmative defense. The Court further **RECOMMENDS** that Defendants be granted leave to amend to cure the noted deficiencies.

        4.    <u>Nos. 4, 7, 8, 12, 13, 14, 16, 18, 19, 20, 21, 22, 23, 25, 26, and 27</u>

The Court has considered each of these affirmative defenses. However, it will not list them all, as they share a similar form. Plaintiff submits that each one fails to give it fair notice and thus is insufficient. Docket No. 53 at 10–14. Defendants submit that each one does give Plaintiff fair notice and, even if that were not true, Plaintiff does not show any resulting prejudice. Docket No. 63 at 12–14.

The Court finds that these affirmative defenses fail to give Plaintiff fair notice. They fail to state any grounds at all and most of them simply state the name of the given affirmative defense. *See* Docket No. 21 at 11–13. That failure sufficiently prejudices Plaintiff. Accordingly, the Court **RECOMMENDS** that Plaintiff's motion to strike be **GRANTED** as to these affirmative defenses. The Court further **RECOMMENDS** that Defendants be granted leave to amend to cure the noted deficiencies.

### 5.    Nos. 9 and 17

Defendants' affirmative defenses Nos. 9 and 17 state, respectively, that "Plaintiff's claims are barred [because of] illegality of contract" and that they "are not bound to the guaranties as they are voidable or unenforceable due to Plaintiff's failure to comply with applicable law." Docket No. 21 at 12. Plaintiff submits that these affirmative defenses fail as a matter of law and otherwise fail to give fair notice. Docket No. 53 at 15.

As to whether these affirmative defenses fail as a matter of law, the Court declines to decide that issue because so doing would require the Court to assess arguments best reserved for dispositive motions. *See F.T.C. v. Johnson*, 2013 WL 4039069, at *4 (D. Nev. Aug. 5, 2013). However, the Court finds that these affirmative defenses fail to give Plaintiff fair notice because they fail to state the grounds that undergird them. Accordingly, the Court **RECOMMENDS** that Plaintiff's motion to strike be **GRANTED** as to these affirmative defenses. The Court further **RECOMMENDS** that Defendants be granted leave to amend to cure the noted deficiencies.

### 6.    No. 24

Defendants' affirmative defense No. 24 states that they have "been forced to retain counsel to defend against Plaintiff's Complaint, and [they] are entitled to an award of reasonable [attorneys'] fees." Docket No. 21 at 13. Plaintiff submits that this affirmative defense fails to "provide [it] with fair notice of [its] substance." Docket No. 53 at 15. Defendants submit that this affirmative defense is effectively a reservation but that Plaintiff has shown no resulting prejudice. Docket No. 63 at 18–19.

A "claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."

Fed.R.Civ.P. 54(d)(2). The Court finds that this affirmative defense fails to show how Defendants' claim for attorneys' fees is based on substantive law. The Court further finds that reservations are improper affirmative defenses. *See MetroPCS*, 2019 WL 1244690, at *5. Accordingly, the Court **RECOMMENDS** that Plaintiff's motion to strike be **GRANTED** as to this affirmative defense. The Court further **RECOMMENDS** that Defendants be granted leave to amend as to this affirmative defense.

### 7.    Nos. 10, 28, and 29

The Court has considered each of these affirmative defenses. However, it will not list them all, as they share a similar form. Indeed, Defendants characterize them all as "effectively reservations[.]" Docket No. 63 at 18. Plaintiff submits that reservations are improper affirmative defenses. Docket No. 53 at 16.

The Court agrees. *See MetroPCS*, 2019 WL 1244690, at *5. Accordingly, the Court **RECOMMENDS** that Plaintiff's motion to strike be **GRANTED** as to these affirmative defenses. The Court further **RECOMMENDS** that Defendants be granted leave to amend as to these affirmative defenses.

### 8.    No. 11

Defendants' affirmative defense No. 11 states that "Plaintiff fails to state a claim for relief against [them] upon which relief can be granted." Docket No. 21 at 12. Plaintiff submits that this is an improper affirmative defense. Docket No. 53 at 17–18.

Courts disagree about whether this type of affirmative defense should be stricken. "Some hold that a failure to state a claim occurs when one cannot establish the claim's elements; it is only after the elements have been established that affirmative defenses can be raised." *Wright v. Jacob Transp., LLC*, 2015 WL 3916001, at *5 (D. Nev. June 24, 2015) (citations omitted). Thus, "a failure to state a claim is a defect in a plaintiff's prima facie case, not a real affirmative defense." *Id.* (citations omitted). Other courts recognize "that the theory is not a true affirmative defense but find that its inclusion in [an answer is allowed] by FRCP 12(h)(2)," which provides that "'[f]ailure to state a claim upon which relief can be granted . . . may be raised' in an answer." *Id.* (citations omitted).

The Court agrees with the latter set of courts and thus finds that this affirmative defense is proper. Accordingly, the Court **RECOMMENDS** that Plaintiff's motion to strike be **DENIED** as to this affirmative defense.

**III.    CONCLUSION**

For the reasons stated above, the Court **RECOMMENDS** that:

- Plaintiff's motion to strike, Docket No. 53, be **GRANTED** as to paragraphs 40 and 50 and affirmative defenses Nos. 3, 4, 5, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, and 29 and that Defendants be granted leave to amend;

- Plaintiff's motion to strike be **DENIED** as to affirmative defenses Nos. 1, 2, 6, and 11.

IT IS SO ORDERED.

Dated: December 3, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).