**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SNOW COVERED CAPITAL, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM WEIDNER, ANDREW FONFA, DAVID JACOBY, and LUCKY DRAGON LP,<br><br>Defendants.<br>—————————————————<br>AND ALL RELATED MATTERS | Case No. 2:19-00595-JAD-NJK<br><br>**ORDER REGARDING THE PARTIES' JOINT MOTION FOR STAY IN LIGHT OF DEFENDANT FONFA'S RECENT DEATH**<br><br>ECF Nos. 156, 157, 159 |

   Good cause appearing, IT IS HEREBY ORDERED that the Joint Motion for Stay in Light of Defendant Andrew Fonfa's Recent Death [ECF No. 157] is GRANTED.

   IT IS FURTHER ORDERED THAT:

   1.   This Court's Scheduling Order [ECF No. 141] is suspended and all deadlines contained therein are extended a minimum of thirty (30) days pending further order of this Court, as contemplated in Paragraph 4 below.

   2.   In light of the death of Defendant Andrew S. Fonfa (the "Decedent") this litigation is stayed for thirty (30) days from the date of this order.  That stay may be vacated, modified or extended at the end of that thirty-day period, underlined provided that the stay may be lifted at any time by agreement of all of the parties.

   3.   To aid the Court in making its future determinations regarding the stay and the appropriate schedule for this litigation going forward, the Court requires the following status reports:

a.      The parties will file a (short) joint status report not later than thirty (30) days after the date on which the Court enters its order regarding this Stipulation.  That report will advise the Court of the general status of the matter and offer the parties' recommendations as to whether the 30-day stay should be modified, vacated, or extended.

b.      When the Fonfa Will, if any, is filed with the appropriate court, ,the petition for the appointment of a personal representative is filed, and/or a successor trustee of a non-testamentary trust begins serving, Decedent's counsel of record, if any, must immediately report such facts to the Court and the other parties, and include in such reports the location and case number of any such legal proceedings regarding Decedent's estate (for these purposes only, the "Fonfa Estate"), as well as the names (and contact information) of those person(s) designated by the Fonfa Will to serve as personal representative(s) of the Fonfa Estate and/or as successor trustee(s) of a Fonfa non-testamentary trust.

c.      Decedent's counsel of record, if any, must also report to the Court and the parties the name(s) and contact information of any persons or firms retained to represent either the Fonfa Estate, the personal representative of the Fonfa Estate, or the successor trustee of a Fonfa non-testamentary trust in this litigation, as soon as those persons or firms are first appointed.

d.      The reports referenced in subparagraphs b and c, *supra*, should be made immediately and not await the filing of the status report referenced in subparagraph a or any other periodic report this Court may require.

4.      Not less than fifteen (15) days after counsel for this litigation has been retained by the Fonfa Estate, the parties will: (a) meet and confer; and (b) provide the Court with their written recommendation(s) for a post-stay scheduling order.

5.      SCC will file any Reply to Defendants Weidner's and Jacoby's Opposition to SCC's Motion for An Order Establishing a Protocol for Addressing Plaintiff's Attorney's Fees Claim

(ECF No. 155) by July 29, 2020.  The Fonfa Estate's response to the SCC Motion For Entry of An Order Establishing a Protocol for Addressing Plaintiffs' Attorney's Fees Claims [ECF No. 146] shall be due within seven (7) days after the Estate has been made a party to this litigation.  The SCC reply to the Estate's response shall be due seven (7) days after the Fonfa Estate response is filed.  Should the Fonfa Estate determine that it will not be filing a response by the due date (thereby making an SCC reply unnecessary), the Fonfa Estate shall promptly advise the Court and the parties of that decision.  The Court will withhold its decision regarding the above-referenced motion until the above-referenced briefing is completed.

6.      The undersigned parties have agreed that the the depositions of SCC's Rule 30(b)(6) designee and Griffith Harsh V will be taken, by remote video means, at 10:00 a.m. PT on Defendants' choice of one of the following paired set of dates:

| SCC (Landa) | Harsh |
|---|---|
| September 1, 2020 | September 3, 2020 |
| September 2, 2020 | September 4, 2020 |
| September 15, 2020 | September 17, 2020 |
| September 16, 2020 | September 18, 2020 |

Once the Fonfa Estate's litigation counsel has been retained, the Defendants shall choose one of those paired dates and advise all of the parties as to the dates selected, provided that SCC must have not less than ten (10) business days' notice of the paired set of dates selected.

IT IS FURTHER ORDERED that Fonfa's motion for a 60-day stay [ECF No. 159] is DENIED as moot in light of this order;

And, with good cause appearing, IT IS FURTHER ORDERED that Howard & Howard's motion to withdraw as counsel for Defendant Andrew Fonfa in light of his death [ECF No. 156] is GRANTED.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: August 3, 2020