UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Snow Covered Capital, LLC,<br><br>   Plaintiff<br><br>v.<br><br>William Weidner, et al.,<br><br>   Defendants | Case No.: 2:19-cv-00595-JAD-NJK<br><br>**Order Granting Snow Covered Capital and Lucky Dragon's Joint Motion for Entry of An Agreed Order; Granting in Part Snow Covered Capital's Motion for Entry of an Order Establishing a Discovery Protocol and Granting its Motion to Substitute Party; and Continuing the Stay**<br><br>[ECF Nos. 137, 146, 163, 167] |

In May 2016, Snow Covered Capital, LLC signed a set of loan agreements with Lucky Dragon, LP and a guaranty agreement with William Wedner, Andrew Fonfa, and David Jacoby to fund the construction of a new hotel and casino in Las Vegas, Nevada.[1]  Despite its fiery opening, the casino failed to take flight, and Lucky Dragon defaulted on its $45,000,000 loan from Snow Covered Capital.[2]  Reeling from the default and missed loan payments, Snow Covered Capital initiated a trustee's sale of the property.[3]  And the parties commenced two actions—Lucky Dragon filed a voluntary chapter 11 bankruptcy petition with the United States Bankruptcy Court for the District of Nevada[4] and, after the bankruptcy judge lifted that proceeding's stay, Snow Covered Capital sued Lucky Dragon and the guaranty defendants in this

---

[1] ECF No. 1 at ¶¶ 11, 17–18, 28 (complaint).  This is merely a summary of facts alleged in the complaint and should not be construed as findings of fact.

[2] *Id.* at ¶¶ 27–29.

[3] *id.* at ¶¶ 23, 26.

[4] *In re Lucky Dragon Hotel & Casino, LLC*, No. 18-10792 (Bnkr. D. Nev. 2018).

court.[5]  This litigation proceeded apace until guaranty-defendant Fonfa died, which prompted my entry of a stay, pending his substitution as a party and the appointment of new counsel.[6]

The parties now request a continuation of my stay order;[7] Snow Covered Capital seeks to substitute Fonfa's estate for Fonfa[8] and obtain an order establishing a protocol for the discovery of anticipated attorneys' fees;[9] and Snow Covered Capital and Lucky Dragon jointly seek to settle their dispute in this court, requesting that I refer outstanding matters to the bankruptcy court's determination.[10]  The guaranty defendants oppose the attorneys' fees and dismissal motions, asserting that they need discovery of Snow Covered Capital's claimed attorneys' fees before trial and that referral to the bankruptcy court is unwarranted.  Although each disputed motion raises independent issues, I find that both can largely be resolved by dismissal of Snow Covered Capital's and Lucky Dragon's dispute, a stipulated finding that Lucky Dragon is liable to Snow Covered Capital, and referral of the extent of that liability to the bankruptcy court.  So I grant the joint motion for entry of an order, grant in part the motion seeking to establish a discovery protocol, grant the motion for substitution, and maintain the stay.

## Discussion

**I.     Motion for entry of agreed order [ECF No. 137]**

Snow Covered Capital and Lucky Dragon jointly request that I (1) dismiss Lucky Dragon's counterclaims, potential third-party claims, and affirmative defenses with prejudice;

---

[5] *Snow Covered Capital, LLC v. William Weidner, et al.*, No. 2:19-cv-00595 (D. Nev. 2019).
[6] ECF No. 161.
[7] ECF No. 167.
[8] ECF No. 163.
[9] ECF No. 146.
[10] ECF No. 137.

(2) find that Lucky Dragon is liable to Snow Covered Capital on its breach-of-contract and deficiency claims; and (3) refer adjudication of the extent of that liability to the bankruptcy court.[11]  Federal Rule of Civil Procedure 41(a)(2) confers upon district courts the equitable power to dismiss an action at a plaintiff's request, with or without prejudice, "on terms that the court considers proper."[12]  28 U.S.C. § 157(a) permits district courts to refer "any or all proceedings" arising in or related to a case under Title 11 to a bankruptcy judge.[13]  Rule 41 enshrines an "equitable" rule, requiring district courts "to apply the appropriate equitable and legal principles to the established or conceded facts and circumstances."[14]  And § 157(a) allocates authority, but not subject-matter jurisdiction, between bankruptcy and district courts, authorizing the referral of "core" cases that arise "under" Title 11 or "in" a Title 11 case.[15]  These powers are discretionary in nature.

        The guaranty defendants do not contest that Snow Covered Capital and Lucky Dragon may dismiss their claims, that I might enter a stipulated finding of liability against Lucky Dragon, or that this matter may be referred to the bankruptcy court.  They also do not cite any law requiring me to deny the motion.  Instead, they oppose referral of the deficiency calculation to the bankruptcy judge because it is unnecessary and redundant, and because Snow Covered Capital's reasons for requesting referral may be nefarious.  These arguments are unpersuasive.  As the Supreme Court noted in *Wellness International Network, Ltd. v. Sharif*, "litigants may

---

[11] *Id.* at 15–16.

[12] Fed. R. Civ. P. 41(a)(1)(2).

[13] 28 U.S.C. § 157(a); *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997).

[14] *Home Owners' Loan Corp. v. Huffman*, 134 F.2d 314, 317 (8th Cir. 1943).

[15] *Stern v. Marshall*, 564 U.S. 462, 473–74 (2011); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1935 (2015); *In re Point Cntr. Fin., Inc.*, 957 F.3d 990, 1002–03 (9th Cir. 2020) (Christen, J., concurring).

validly consent to adjudication by bankruptcy courts,"[16] particularly where, as here, the referred issue is a "core" matter falling squarely within the bankruptcy court's jurisdiction.[17] It also appears that the parties, despite the guaranty defendants' protestations otherwise, always expected that the bankruptcy court might address Snow Covered Capital's proof of claim in the case of settlement. The bankruptcy judge's order lifting the stay so that Snow Covered Capital might file this suit contemplated just such an outcome.[18] And while I am sympathetic to the guaranty defendants' general concerns about gamesmanship, I cannot deny the joint motion on unsubstantiated fears, particularly when Snow Covered Capital and Lucky Dragon have stipulated that any determination of the deficiency amount in the bankruptcy court will neither be binding on the guaranty defendants nor offered into evidence in this matter.[19] So I grant the joint motion.

## II.    Attorneys' fees protocol [ECF No. 146]

Under Federal Rule 54, "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."[20] While this rule is somewhat unclear, multiple courts have determined that Rule 54 anticipates two broad categories of attorneys' fees—those that are recoverable as collateral litigation costs in a post-judgment motion and those that are recoverable as an element

---

[16] *Wellness Int'l Network*, 135 S. Ct. at 1942–43.

[17] 28 U.S.C. § 157(b)(2)(B)(O) ("Bankruptcy judges may hear and determine all . . . core proceedings arising under Title 11[, including] allowance or disallowance of claims against the estate [and] other proceedings affecting the liquidation of the assets of the estate.").

[18] *In re Lucky Dragon, LP*, No. 18-10850, ECF No. 112 (Bankr. D. Nev. 2018).

[19] ECF No. 137 at 16. I am cognizant that this order may lead to inconsistent deficiency rulings. But that does not necessarily prejudice the guaranty defendants, who may receive a more favorable deficiency judgment in this court.

[20] Fed. R. Civ. P. 54(d)(2)(A).

of damages.[21]  The latter category, which the Ninth Circuit labels an "exception" to what is "generally the case in our federal system," is subject to proof at trial and discovery.[22]  Here, the parties disagree about whether Snow Covered Capital's anticipated attorneys' fees must be proven at trial and, thus, whether pre-judgment discovery into those fees is warranted.  The guaranty defendants insist that attorneys' fees are an element of Snow Covered Capital's deficiency claims; Snow Covered Capital maintains that the guaranty defendants' view is myopic, and its fee request encompasses both collateral litigation costs and fees incurred as part of the deficiency.  Neither party provides controlling precedent on the matter.

     I find that the guaranty defendants have failed to justify pre-trial discovery into Snow Covered Capital's attorneys' fees.  Because I refer calculation of the deficiency claim between Snow Covered Capital and Lucky Dragon to the bankruptcy court, any discovery of attorneys' fees needed to calculate that deficiency—what the guaranty defendants seemingly refer to as the pre- and post-foreclosure attorneys' fees[23]—will be best addressed by the bankruptcy court.  While the remaining bases for Snow Covered Capital's other attorneys' fees claims remain somewhat unclear, it appears that most of them arise as collateral litigation costs under the terms

---

[21] *See, e.g.*, *Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1038 (5th Cir. 2014); *Tech Pharmacy Servs., LLC v. Alixa Rx LLC*, 298 F. Supp. 3d 892, 899–900 (E.D. Tex. 2017); *Heart K Land & Cattle Co., Inc. v. Long*, No. CV 12-162, 2013 WL 6916257, at *7 (D. Mont. Dec. 10, 2013) ("There exists, however, a distinction between attorney's fees recoverable as an element of damages under the substantive law of the applicable legal claim, and attorney['s] fees that are incurred as mere incident to the current litigation.").

[22] *Port of Stockton v. W. Bulk Carrier KS*, 371 F.3d 1119, 1121 (9th Cir. 2004) ("The question, then, is whether the exception applies, i.e., whether the substantive law governing the underlying contract claim required the Port to prove its entitlement to attorneys' fees 'as an element of damages . . . at trial.'" (quoting Fed. R. Civ. P. 54(d)(2)(A)) (alteration in original)).

[23] ECF No. 155 at 13–14.

5

of the guaranty agreements.[24] Both the Ninth Circuit and other courts have indicated that such fees are better resolved post-judgment, on a Rule 54 motion.[25] But even were some of these fees not collateral litigation costs, I am also deeply concerned by the privilege implications raised by the guaranty defendants' request, which would require the lender to produce records and documents describing privileged actions it has taken in this pending lawsuit and bankruptcy proceeding.

Begrudgingly conceding that these are legitimate concerns, the guaranty defendants also offer to bifurcate discovery into post-trial discovery of collateral litigation costs and pre-trial discovery of pre- and post-foreclosure costs.[26] But this request to conduct discovery into some, but not all, of Snow Covered Capital's attorneys' fees' claims will result in piecemeal, disruptive

---

[24] ECF No. 1 at 15 (§§ 1.2, 1.2(d)), 18 (§ 1.8). Section 1.2 of the agreement defines the "Guaranteed Obligations" to include, in relevant part, "any Losses incurred by Lender arising out of or in connection with" the failure to pay valid taxes on the casino; "legal costs and expenses (including reasonable attorneys' fees)" that Snow Covered Capital incurs "in connection with litigation or other legal proceedings involving the collection or enforcement of this Guaranty"; or attorneys' fees "arising from or relating to the filing of a petition under any bankruptcy . . . by or against Borrower or any Guarantor." *Id.* at 15. The term "Losses" is defined to include "any and all . . . out-of-pocket costs and expenses (including without limitation reasonable attorneys' fees and expenses)." *Id.* Section 1.8 of the Guaranty Agreement also provides that the guaranty defendants "shall, immediately upon demand by Lender, pay Lender all costs and expenses (including court costs and reasonable attorneys' fees)" if the "Guarantors should breach or fail to timely perform any provisions of this Guaranty." *Id.* at 18.

[25] *Port of Stockton*, 371 F.3d at 1121; *Cap. Asset Rsch. Corp. v. Finnegan*, 216 F.3d 1268, 1270 (11th Cir. 2000) (holding that a failure to make a request for attorneys' fees in the pleadings, based on a contract's fee-shifting provision, did not strip the federal court of jurisdiction to hear the request through a post-judgment motion).

[26] ECF No. 155 at 17 (Defendants "are willing to consider a stipulation where the parties address attorneys' fees incurred in *this* action through a post-judgment procedure"); 17 n.29 ("If the Court were to consider a post-judgment protocol for attorney's fees, it should be limited to just attorney's fees incurred in this matter."); 19 ("Defendants remain willing to consider some form of post-judgment procedure as it relates to fees and costs incurred by [Snow Covered Capital] in *this* action.").

6

discovery, ill-suited to the efficient disposition of this litigation.[27]  Multiple courts, when confronted with similar fees requests and discovery demands, have deferred any analysis of those fees to post-judgment motion practice.[28]  I agree with their reasoning and thus grant in part Snow Covered Capital's motion to establish a similar protocol here.  The parties' obligation to meet and confer and file their joint proposed discovery plan on attorneys' fees, if any, is STAYED until 10 days after entry of judgment resolving the remaining claims in this matter.

### III. Motions to substitute and continue the stay [ECF Nos. 163, 167]

On August 3, 2020, I stayed this case because of guaranty-defendant Fonfa's death, suspending the deadlines contained in the court's scheduling order, prompting the parties to provide recommendations for a post-stay scheduling order, and requesting that the Fonfa Estate make its appearances in this matter.[29]  As of March 17, 2020, the Fonfa Estate does not appear to have retained litigation counsel or appeared.  Snow Covered Capital now moves to substitute Fonfa's estate (which has accepted service of the motion[30]) for the now-deceased guaranty-defendant Fonfa, and the parties request that I enter an order formally extending the stay.  Rule 25(a)(1) allows a district court to order substitution of a deceased party upon motion.  Because both motions are unopposed, I grant them.

---

[27] Fed. R. Civ. P. 26(c)(1)(B) ("The court may, for good cause, issue an order to protect a party or person from . . . specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery.").

[28] *Interim Cap. LLC v. Herr Law Grp., Ltd.*, No. 2:09-cv-01606, 2011 WL 7047062, at *10 (D. Nev. Oct. 21, 2011); *Donell v. Perpetual Inv., Inc.*, No. 2:04-cv-01172, 2007 WL 1723473, at *8 (D. Nev. Jun. 11, 2007).

[29] ECF No. 161.

[30] ECF No. 165.

**Conclusion**

IT IS THEREFORE ORDERED that Snow Covered Capital and Lucky Dragon's joint motion for entry of an order **[ECF No. 137] is GRANTED:**

- All of Lucky Dragon's counterclaims against Snow Covered Capital; its potential third-party claims against Nellie, LLC, 1431 Capital, LLC, and Associate Capital, LLC; and its claims and defenses asserted in its first amended answer and counterclaims [ECF No. 61] are fully and finally DISMISSED with prejudice.

- Lucky Dragon is liable to Snow Covered Capital on the breach-of-contract and deficiency claims that Snow Covered Capital asserted against Lucky Dragon in this action.

- Under 28 U.S.C. § 157(a), I refer adjudication of the extent of Lucky Dragon's liability to Snow Covered Capital to the bankruptcy court on the following terms: (a) Snow Covered Capital's breach-of-contract and application-for-deficiency claims against Lucky Dragon shall be fully and finally determined in the proof-of-claim process described in the parties' settlement agreement;[31] (b) Lucky Dragon has waived all rights to challenge or object to the amended proof of claim that Snow Covered Capital files in the course of that proof-of-claims process; (c) any determination of Snow Covered Capital's deficiency claim against Lucky Dragon will not be binding on any of the remaining defendants in this action and Snow Covered Capital will not offer the bankruptcy court's proof-of-claim or determination-of-value or deficiency amount as evidence of value or deficiency in this action; and (d) Lucky Dragon has waived its right to challenge or appeal this order.

---

[31] Subject to the bankruptcy court's inherent authority to control its docket and preside over that process.

IT IS FURTHER ORDERED that Snow Covered Capital's motion for entry of a discovery protocol to address attorneys' fees claims **[ECF No. 146] is GRANTED IN PART. The parties' obligation to meet and confer and file a proposed discovery plan addressing post-judgment discovery of attorneys' fees, if any, for the magistrate judge's review is STAYED until 10 DAYS after final judgment has been entered.**

IT IS FURTHER ORDERED that Snow Covered Capital's motion to substitute Fonfa's estate for Andrew Fonfa as a defendant in this action **[ECF No. 163] is GRANTED.**

IT IS FURTHER ORDERED that the parties' motion to continue the stay order **[ECF No. 167] is GRANTED.  This case is stayed until April 15, 2021, or until further order of this court, whichever is earlier.**

_____
U.S. District Judge Jennifer A. Dorsey
March 18, 2021