# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Snow Covered Capital, LLC, | Case No.: 2:19-cv-00595-JAD-NJK |
| Plaintiff | |
| v. | **Order Construing and Granting Motion for Reconsideration** |
| William Weidner, et al., | [ECF Nos. 170, 173] |
| Defendants | |

Snow Covered Capital, LLC seeks a deficiency judgment against William Weidner, Andrew Fonfa, David Jacoby, and Lucky Dragon LP after the defendants defaulted on various loans it provided to build and run a new casino.[1] On March 18, 2021, I entered an order that, among other things, determined that discovery into attorneys' fees prior to trial was unwarranted, and I directed the parties to develop a discovery protocol that would permit discovery into Snow Covered Capital's claimed attorneys' fees after my entry of judgment.[2] Weidner and Jacoby[3] seek clarification of that order under Federal Rule of Civil Procedure 60(a), querying whether attorneys' fees will be (1) included in the "indebtedness" used to calculate the deficiency, which would need to be presented and proven at trial; or (2) excluded from the calculation of indebtedness, and thus recoverable only as part of a post-judgment proceeding under Rule 54.[4] In essence, they question the efficiency of my order, which appears to create a bifurcated trial resolving different aspects of the defendants' alleged indebtedness to Snow Covered Capital.

---

[1] ECF No. 1 (complaint).

[2] *See* ECF No. 169 at 4–7, 9.

[3] The Fonfa estate has joined their request. *See* ECF No. 175.

[4] ECF Nos. 170, 173. The defendants also request a status conference to discuss the issue. I decline that request because this order clarifies the issues.

After reviewing the defendants' briefing and exhibits, I construe their request for clarification as a motion for reconsideration and grant it. Because these recent filings elucidate that determination of indebtedness and any resulting deficiency requires Snow Covered Capital to account for its attorneys' fees, I find that discovery into those fees is warranted pre-judgment. So I direct the parties to file a stipulated scheduling protocol to address pre-trial discovery into those fees.

**Discussion**

Under Federal Rule of Civil Procedure 60, a court may "relieve a party or its legal representative from a final judgment, order, or proceeding."[5] A motion for reconsideration is generally appropriate when the district court is presented with newly discovered evidence or has committed clear error, or there is an intervening change in controlling law.[6] "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments;"[7] instead, a party seeking reconsideration must present "facts or law of a strongly convincing nature" that provide a "valid reason" why reconsideration is appropriate.[8][9] Weidner and Jacoby present sufficient reasons to warrant reconsideration of my prior order deferring until after judgment any discovery into Snow Covered Capital's claimed attorneys' fees.

Snow Covered Capital's deficiency action arises under Nevada law, which requires an evidentiary hearing and calculation of the defendants' indebtedness to the creditor.[10] Snow

---

[5] Fed. R. Civ. P. 60(b).
[6] *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).
[7] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).
[8] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).
[9] Fed. R. Civ. P. 60(b).
[10] *See* Nev. Rev. Stat. §§ 40.457, 40.459.

Covered Capital has yet to explain what it will present to satisfy its burden of proving the defendants' indebtedness.[11]  Despite the lender's silence, however, it would appear that attorneys' fees will be included in that calculation.  Not only does Nevada law require an accounting of claimed attorneys' fees in a deficiency action,[12] but Snow Covered Capital appears to concede that it plans to request attorneys' fees as part of its deficiency judgment.[13]  And its contracts seemingly authorize it to do so.[14]  Thus, discovery into those attorneys' fees is warranted.

---

[11] *See First Interstate Bank of Nev. v. Shields*, 730 P.2d 429, 432 (Nev. 1986) ("Since a creditor is entitled to a single satisfaction of an outstanding debt irrespective of the value of its security and the number and financial strength of primary obligors, sureties, or guarantors, the threshold issue under the legislative scheme is to determine whether, in fact, a deficiency in debt satisfaction remains after the creditor has sold the real property securing the debt.").

[12] Nev. Rev. Stat. § 40.451 ("[I]ndebtedness means . . . all costs and fees of such a sale . . . and all other amounts secured by the mortgage or other lien on the real property in favor of the person seeking the deficiency judgment.").

[13] *See* ECF No. 170-4 at 3 ("This bifurcated approach does not limit or waive SCC's right to seek recovery of its attorney's fees under any theory or provision allowed by the contracts or by law. It simply defers presentation of the evidence regarding such fees to a separate phase of those proceedings leading to the final judgment."); 170-6 at 3 ("SCC will present all of the admissible evidence it has in support of its claims, including its multiple attorney[s'] fees claims.").

[14] ECF No. 1 at 15 (§§ 1.2, 1.2(d)), 18 (§ 1.8). Section 1.2 of the parties' agreement defines the "Guaranteed Obligations" to include, in relevant part, "any Losses incurred by Lender arising out of or in connection with" the failure to pay valid taxes on the casino; "legal costs and expenses (including reasonable attorneys' fees)" that Snow Covered Capital incurs "in connection with litigation or other legal proceedings involving the collection or enforcement of this Guaranty;" or attorneys' fees "arising from or relating to the filing of a petition under any bankruptcy . . . by or against Borrower or any Guarantor." *Id.* at 15.  The term "Losses" is defined to include "any and all . . . out-of-pocket costs and expenses (including without limitation reasonable attorneys' fees and expenses)." *Id.*  Section 1.8 of the Guaranty Agreement also states that the guaranty defendants "shall, immediately upon demand by Lender, pay Lender all costs and expenses (including court costs and reasonable attorneys' fees)" if the "Guarantors should breach or fail to timely perform any provisions of this Guaranty." *Id.* at 18.

Under the Federal Rules, "attorney[s'] fees and related expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."[15] The advisory committee notes indicate that Rule 54's post-judgment motion requirement "does not apply" to "fees recoverable as an element of damages, as when sought under the terms of a contract" because "such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury."[16] With this recent round of briefing, it has become increasingly apparent that Snow Covered Capital expects to include a claim for those fees in its proof of indebtedness. Thus, under Rule 26, the defendants should be able to "obtain discovery regarding any nonprivileged matter" that is relevant to Snow Covered Capital's "claim" for a deficiency, so long as that discovery is "proportional to the needs of the case."[17] So I direct the parties to file a stipulated scheduling order, accounting for any necessary discovery into the attorneys' fees that Snow Covered Capital claims will be used to calculate the defendants' indebtedness.

## Conclusion

IT IS THEREFORE ORDERED that the defendants' motion for clarification **[ECF No. 170]** is construed as a motion for reconsideration and **GRANTED**. **The portion of my March 18, 2021, order granting in part Snow Covered Capital's motion for entry of a discovery protocol [ECF No. 169] is VACATED.**

---

[15] Fed. R. Civ. P. 54(d)(2)(A).

[16] Fed. R. Civ. P. 54, advisory committee's note.

[17] Fed. R. Civ. P. 26(b)(1); *see Clarke v. Am. Comm. Nat. Bank*, 974 F.2d 127, 130 (9th Cir. 1992) ("Not all communications between attorney and client are privileged. Our decisions have recognized that the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege."); *ResCap Liquidating Trust v. Home Loan Ctr., Inc.*, 399 F. Supp. 3d 827, 830 (D. Minn. 2019); *United States ex rel. Luke v. HealthSouth Corp.*, No. 2:13-cv-01319, 2020 WL 1169393, at *2–3 (D. Nev. Mar. 11, 2020) (noting that a "district court has discretion in determining what fees are reasonable").

IT IS FURTHER ORDERED that the parties are directed to file a stipulated scheduling order in this matter for the magistrate judge's review by May 17, 2021.

IT IS FURTHER ORDERED that the defendants' motion for a status conference **[ECF No. 173] is DENIED.**

IT IS FURTHER ORDERED that because the stay has expired, the Clerk of Court is directed to remove the stay designation from this case.

_____
U.S. District Judge Jennifer A. Dorsey
May 3, 2021