# EXHIBIT J

**Defendant Weidner's Supplemental Answers to SCC's Second Interrogatories**

**March 11, 2020**

NICHOLAS J. SANTORO, ESQ.
Nevada Bar No. 0532
OLIVER J. PANCHERI, ESQ.
Nevada Bar No. 7476
KYLE M. WYANT, ESQ.
Nevada Bar No. 14652
**SANTORO WHITMIRE**
10100 W. Charleston Blvd., Suite 250
Las Vegas, Nevada 89135
Tel.: (702) 948-8771 / Fax: (702) 948-8773
Email: nsantoro@santoronevada.com
        opancheri@santoronevada.com
        kwyant@santoronevada.com

DAVID B. SNYDER, ESQ. (admitted *Pro Hac Vice*)
**FOX ROTHSCHILD LLP**
2000 Market Street, 20th Floor
Philadelphia, Pennsylvania 19103
Tel.: (215) 299-2000 / Fax: (215) 299-2150
Email: dsnyder@foxsrothchild.com

*Attorneys for Defendants William Weidner*
*and David Jacoby*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SNOW COVERED CAPITAL, LLC, | Case No.  2:19-cv-00595-JAD-NJK |
| Plaintiffs, | **DEFENDANT WILLIAM WEIDNER'S SUPPLEMENTAL ANSWERS TO PLAINTIFF SNOW COVERED CAPITAL, LLC'S SECOND SET OF INTERROGATORIES** |
| v. | |
| WILLIAM WEIDNER, ANDREW S. FONFA, DAVID JACOBY, and LUCKY DRAGON LP, | |
| Defendants. | |

Defendant WILLIAM WEIDNER ("*Weidner*" or "*Defendant*"), by and through his

undersigned counsel of record, Nicholas J. Santoro, Esq. and Oliver J. Pancheri, Esq. of the law

firm of SANTORO WHITMIRE, hereby provides this supplemental response to Plaintiff SNOW

COVERED CAPITAL, LLC's ("*Plaintiff*" or "*SCC*") Second Set of Interrogatories

("*Interrogatories*").

## GENERAL OBJECTIONS

The objections set forth below are incorporated into Defendant's answer to each interrogatory whether or not specific reference is made to such objection in the response to a particular interrogatory.

1.    The following answers are made solely for this action. Each answer is subject to all objections as to competence, relevance, privilege, materiality, propriety, admissibility, and any and all other objections and grounds that would require the exclusion of any statement contained herein if any questions were asked of, or if any statements contained herein were made by, or if any documents contained herein were offered by, a witness present and testifying in court, all of which objections are reserved and may be interposed at the time of any hearing on this action.

2.    The following answers are based upon a reasonable and diligent search of the information and documents presently available to and within the custody, control or possession of Defendant. Defendant reserves the right to amend these answers, including objections, upon the discovery of additional information and documents. The fact that Defendant has responded to any interrogatory is not intended and shall not be construed as a waiver of all or any part of any objection to any interrogatory.

3.    Defendant objects to each interrogatory to the extent that it seeks the disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine, or both, and his responses herein shall not be deemed to be any waiver of any such doctrine, privilege, or protection. Nothing contained in these objections and answers is intended, or shall be in any way construed, as a waiver of any attorney-client privilege, or any other applicable privilege or doctrine. If it should occur, the disclosure of any document or information subject to such privileges is unintentional and should not be construed as a waiver. If at any time counsel for Plaintiff learns that Defendant has produced a document or other information that may be subject to any privilege or other protection recognized at law, counsel shall notify Defendant's

counsel and abide by Defendant's counsel's instructions regarding such document or information.

4.     Defendant objects to each interrogatory, and the definitions and instructions contained therein, to the extent the obligations sought to be imposed exceed those required by the relevant Rules of Civil Procedure.

5.     Defendant objects to each interrogatory to the extent that it seeks disclosure of confidential proprietary information, communications and/or documents, and his responses herein shall not be deemed to be any waiver of his rights with respect to such information.

6.     Defendant objects to each interrogatory to the extent that it seeks "all," "each," "any," or "every" document or information concerning various subjects or events, or pertaining to them in "any way," on the grounds that such interrogatories are overly broad, unduly burdensome, oppressive, vague, and ambiguous.  Defendant construes such interrogatories to call for central facts currently known to him which directly supports his contentions.

7.     Defendant objects to each interrogatory to the extent that it seeks information not relevant to the subject matter of this action and/or is not reasonably calculated to lead to the discovery of admissible evidence.

8.     Defendant objects to each interrogatory to the extent that each is premature. Defendant anticipates that he will identify additional witnesses, documents, and facts surrounding his contentions after he has had an opportunity to conduct additional discovery in this action.

9.     Defendant reserves the right to supplement, amend, or modify his answers herein as discovery continues.  Defendant further reserves the right to make any objection on any ground.

10.     Defendant objects to each Interrogatory to the extent that it includes requests, which are vague and/or ambiguous, and thus require Defendant to speculate as to their meaning, do not enable Defendant to properly respond without acting at its peril, and/or are likely to lead to a confusing, misleading, inaccurate or incomplete response.

## ANSWERS TO SECOND SET OF INTERROGATORIES

## INTERROGATORY NO. 7:

You have alleged that SCC failed to comply with the provisions of NRS 40.30 *et seq.* and NRS 40.451 *et seq.* Please provide the following information regarding that allegation.

a. Please identify and describe in detail each SCC action or failure to act that you allege to have constituted non-compliance with the provisions of NRS 40.30 *et. seq.* and NRS 40.451 *et. seq.*

b. As to each SCC act or failure to act that you allege to have constituted non-compliance with the provisions of NRS 40.30 *et. seq.* and NRS 40.451 *et. seq.*, please explain how that conduct constituted non-compliance with the provisions of NRS 40.30 *et. seq.* and NRS 40,451 *et. seq.*

c. As to each act or failure to act that you allege to have to have constituted non-compliance with the provisions of NRS 40.30 *et. seq.* and NRS 40.451 *et. seq.*, please identify all persons who were involved in or have personal knowledge of those acts or failures to act that you allege to have constituted non-compliance with the provisions of NRS 40.30 *et seq.* and NRS 40-451 *et seq.*

d. Please identify by Bates label numbers all documents that relate to your allegation that SCC failed to comply with the provisions of NRS 40.30 *et. seq.* and NRS 40.451 *et. seq.*

## ANSWER TO INTERROGATORY NO. 7:

Defendant reserves all rights with regard to its prior objections relating to SCC exceeding the twenty-five (25) Interrogatory per party limit as stated in FRCP 33. ("…a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."). Defendant previously indicated it would respond when SCC withdrew or modified the propounded Interrogatories to come in compliance with FRCP 33. SCC has not formally withdrawn any Interrogatories, despite exceeding the limitations. Rather, SCC has conditionally offered to withdraw certain Interrogatories predicated upon the potential waiver of objections. Defendant is not willing to waive unrelated objections in order for SCC to withdraw Interiorities

exceeding FCRP 33. Nevertheless, in an effort to resolve any dispute, Defendant provides this supplemental response to this Interrogatory.

Defendant objects to this Interrogatory as compound and conjunctive. This Interrogatory also seeks facts and the application of facts and documents to two separate statutes. Additionally, Defendant objects to this Interrogatory as it misstates the defenses asserted in this case and cites to a non-existent statute in NRS 40.30. Defendant further objects to this Interrogatory as vague and ambiguous based on its use of the non-existent statute in NRS 40.30. Defendant further objects to this Interrogatory to the extent it seeks to invade applicable privileges, including but not limited to, the attorney-client privilege and the work product doctrine.

Defendant further objects to this Interrogatory as premature as it is in the form of a "contention interrogatory." "Contention interrogatories are premature if a propounding party cannot present plausible grounds show that early answers to contention questions will efficiently advance litigation, or if the [answering party] does not have adequate information to assert its position." *Cardoza v. Bloomin' Brands, Inc.*, No. 2:13-CV-01820-JAD-NJK, 2015 U.S. Dist. LEXIS 82015, at *5 (D. Nev. June 22, 2015). Defendant further objects to this Interrogatory as expert discovery is ongoing and not yet completed. Subject to and without waiving the foregoing and without waiver of any prior objection, Defendant provides the following supplemental response.

This Interrogatory, while purporting to request facts, actually seeks legal conclusions and the mental impressions, conclusions, opinions and legal theories of counsel. Without waiver, Defendant responds that Defendant is entitled to the protections of Nevada's anti-deficiency statutes. Specifically, SCC cannot obtain a judgment against the Defendant because the fair market value of the Property exceeded the amount of any actual indebtedness. Defendant reserves the right to supplement this answer upon the completion of expert discovery in this matter.

**INTERROGATORY NO. 8:**

You have also alleged that SCC has failed to comply with the provisions of NRS 40.465 *et seq.*  Please provide the following information regarding that allegation.

a.    Please identify and describe in detail each SCC action or failure to act that you allege to have constituted non-compliance with the provisions of NRS 40.465 *et seq.*

b.    As to each SCC act or failure to act that you allege to have constituted non-compliance with the provisions of NRS 40.465 *et seq.*, please explain how that conduct constituted non-compliance with the provisions of NRS 40.465 *et seq.*

c.    As to each SCC act or failure to act that you allege to have constituted non-compliance with the provisions of NRS 40.465 *et seq.*, please identify all persons who were involved in or have personal knowledge of that act or failure to act.

d.    Please identify by Bates label numbers all documents that relate to your allegation that SCC has failed to comply with the provisions of NRS 40.465 *et seq.*

**ANSWER TO INTERROGATORY NO. 8:**

Defendant reserves all rights with regard to its prior objections relating to SCC exceeding the twenty-five (25) Interrogatory per party limit as stated in FRCP 33. ("…a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."). Defendant previously indicated it would respond when SCC withdrew or modified the propounded Interrogatories to come in compliance with FRCP 33.  SCC has not formally withdrawn any Interrogatories, despite exceeding the limitations.  Rather, SCC has conditionally offered to withdraw certain Interrogatories predicated upon the potential waiver of objections. Defendant is not willing to waive unrelated objections in order for SCC to withdraw Interiorities exceeding FCRP 33.  Nevertheless, in an effort to resolve any dispute, Defendant provides this supplemental response to this Interrogatory.

Defendant objects to this Interrogatory as compound and conjunctive.  This Interrogatory also seeks facts and the application of facts and documents to two separate statutes. Additionally, Defendant objects to this Interrogatory as it misstates the defenses asserted in this

case.  Defendant further objects to this Interrogatory as vague and ambiguous based on its use of the non-existent statute in NRS 40.30.  Defendant further objects to this Interrogatory to the extent it seeks to invade applicable privileges, including but not limited to, the attorney-client privilege and the work product doctrine.

Defendant further objects to this Interrogatory as premature as it is in the form of a "contention interrogatory."  "Contention interrogatories are premature if a propounding party cannot present plausible grounds show that early answers to contention questions will efficiently advance litigation, or if the [answering party] does not have adequate information to assert its position."  *Cardoza v. Bloomin' Brands, Inc.*, No. 2:13-CV-01820-JAD-NJK, 2015 U.S. Dist. LEXIS 82015, at *5 (D. Nev. June 22, 2015).  Defendant further objects to this Interrogatory as expert discovery is ongoing and not yet completed.  Subject to and without waiving the foregoing and without waiver of any prior objection, Defendant provides the following supplemental response.

This Interrogatory, while purporting to request facts, actually seeks legal conclusions and the mental impressions, conclusions, opinions and legal theories of counsel.  Without waiver, Defendant responds that the fair market value of the Property has always exceeded any amounts actually due to SCC.  Defendant is entitled to the protections of Nevada's anti-deficiency statutes.  Specifically, SCC cannot obtain a judgment against the Defendant because the fair market value of the Property exceeded the amount of any actual indebtedness.  Defendant reserves the right to supplement this answer upon the completion of expert discovery in this matter.

**INTERROGATORY NO. 9:**

You have alleged that SCC interfered with the bankruptcy court's approved sale process of the Lucky Dragon Hotel & Casino and that SCC wrongfully interfered with efforts to market and sell the Property.  Please provide the following information regarding those interference allegations.

a.    Please identify and describe in detail each SCC action or failure to act that you

allege to have constituted such interference.

   b.     As to each SCC act or failure to act that you allege to have constituted such interference, please explain how that conduct interfered with efforts to market and sell the Property, during the bankruptcy court's sale process or otherwise.

   c.     As to each act or failure to act that you allege to have constituted such interference, please identify all persons who were involved in or have personal knowledge of that alleged interference.

   d.     Please identify by Bates label numbers all documents that relate to your allegations that SCC interfered with the bankruptcy court's approved sale process of the Lucky Dragon Hotel & Casino and that SCC wrongfully interfered with efforts to market and sell the property.

## ANSWER TO INTERROGATORY NO. 9:

   Defendant reserves all rights with regard to its prior objections relating to SCC exceeding the twenty-five (25) Interrogatory per party limit as stated in FRCP 33. ("…a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."). Defendant previously indicated it would respond when SCC withdrew or modified the propounded Interrogatories to come in compliance with FRCP 33.   SCC has not formally withdrawn any Interrogatories, despite exceeding the limitations.   Rather, SCC has conditionally offered to withdraw certain Interrogatories predicated upon the potential waiver of objections. Defendant is not willing to waive unrelated objections in order for SCC to withdraw Interiorities exceeding FCRP 33.   Nevertheless, in an effort to resolve any dispute, Defendant provides this supplemental response to this Interrogatory.

   Defendant reasserts its objection that this Interrogatory is compound and conjunctive as it seeks information relating to SCC's interference with the bankruptcy approved sale process as well as SCC's interference with marketing and selling the Property generally.   Defendant further objects to this Interrogatory to the extent it seeks to invade applicable privileges, including but not limited to, the attorney-client privilege and the work product doctrine.   Defendant further

again objects to this Interrogatory as it is also unduly burdensome.  Subject to and without waiving the foregoing, Defendant responds as follows:

With regard to the efforts to market the Property during the bankruptcy process, I was not personally involved with the bankruptcy auction sales process.  However, I did observe that SCC objected to and opposed nearly every effort made by the Lucky Dragon to preserve the Lucky Dragon bankruptcy estate.

I am aware that SCC attempted to sell the promissory notes while Mr. Sodl was separately attempted to market and sell the Property.  I believe SCC never had any intention to permit the Property be sold at the bankruptcy auction but that it planned to foreclose on the Property and then sue the guarantors.  It is my understanding and belief that SCC's conduct interfered with sales efforts by, among other things, giving potentials purchasers the impression that they should wait for SCC to foreclose on the Property and then deal with SCC directly outside of a bankruptcy.

The individuals/entities who had knowledge of these facts as well as additional facts detailing SCC's conduct may include, but are not limited to, the following: David Jacoby, Robert Heller, Matthew Sodl, Andrew Fonfa (deceased), Michael Parks, John Knott (deceased), Enrique Landa, Griffith Harsh, Larry Bertsch, Michael Brunet, Sarah Sorrells, the DeBartolo Group, Dotty's Gaming and Spirits, Christian Goode, Peninsula Pacific, Jonathan Reindollar, Highgate Capital/Halifax Holdings, Transworld Corporation, Imperial Companies, the Witkoff Group, Steve Botthof and Liu Bao.  Documents produced in this matter relating to these facts include, but are not limited to, documents produced in this matter in response to third party subpoenas. These third-party productions include: DEB-00000001–11675; Brunet_000001–700; CBRE_000001–57759; IC 000001–29619, GGG0000001–337, H 000001–541, IMPERIAL0000001–127, IVORY00000001–8808, ROBOTT0000001–582, SILVERPOINT000001–758, SUMMIT0000001–11651, TWC00000001–1538, and WITKOFF00000001–157.  Additionally, see documents produced or identified by SCC in this matter as well as FONFA00251–1129.  Finally, see documents produced or identified by

Defendants in this matter, which include but are not limited to the following: DEFS003559–
DEFS003560,    DEFS003576–DEFS003578,    DEFS003662–DEFS003669,    DEFS003677,
DEFS003678,  DEFS003679–DEFS003680,  DEFS003681–DEFS003682,  DEFS003683–
DEFS003687,   DEFS003693–DEFS003697,   DEFS003698,   DEFS003699–DEFS003705,
DEFS003706–DEFS003712,   DEFS003713–DEFS003723,   DEFS003724–DEFS003725,
DEFS003726–DEFS003727,   DEFS003728–DEFS003730,   DEFS003731–DEFS003733,
DEFS003734–DEFS003736,   DEFS003744,   DEFS003747–DEFS003749,   DEFS003750–
DEFS003756,   DEFS003761,   DEFS003762,   DEFS003763–DEFS003764,   DEFS003776–
DEFS003778,   DEFS003779–DEFS003780,   DEFS003781–DEFS003782,   DEFS003783–
DEFS003785,   DEFS003786–DEFS003789,   DEFS003790–DEFS003792,   DEFS003793–
DEFS003796,   DEFS003797–DEFS003800,   DEFS003801–DEFS003805,   DEFS003806–
DEFS003810,   DEFS003811–DEFS003815,   DEFS003818–DEFS003820,   DEFS003821–
DEFS003826,   DEFS003827–DEFS003830,   DEFS003848–DEFS003849,   DEFS003853,
DEFS003858,   DEFS003900–DEFS003901,   DEFS003915,   DEFS003923–DEFS003941,
DEFS003942,   DEFS003943–DEFS003948,   DEFS003949–DEFS003950,   DEFS003951–
DEFS003956,   DEFS003958,   DEFS003959–DEFS003960,   DEFS003961–DEFS003962,
DEFS003963–DEFS003964,   DEFS003965,   DEFS003968,   DEFS003992,   DEFS004001–
DEFS004002,   DEFS004012–DEFS004018,   DEFS004021–DEFS004027,   DEFS004028,
DEFS004029–DEFS004030,   DEFS004046,   DEFS004062–DEFS004069,   DEFS004085–
DEFS004087,   DEFS004088–DEFS004090,   DEFS004107–DEFS004108,   DEFS004109,
DEFS004110–DEFS004112,   DEFS004115–DEFS004119,   DEFS004122–DEFS004124,
DEFS004125–DEFS004128,   DEFS004129–DEFS004132,   DEFS004133–DEFS004135,
DEFS004136–DEFS004138,   DEFS004139–DEFS004141,   DEFS004142–DEFS004146,
DEFS004147–DEFS004148,   DEFS004149–DEFS004154,   DEFS004155–DEFS004159,
DEFS004160–DEFS004164,   DEFS004165–DEFS004169,   DEFS004170–DEFS004176,
DEFS004180,   DEFS004181–DEFS004186,   DEFS004194–DEFS004195,   DEFS004211,
DEFS004212,   DEFS004213,   DEFS004214–DEFS004215,   DEFS004259,   DEFS004260,

DEFS004261, DEFS004270, DEFS004271, DEFS004272–DEFS004278, DEFS004279–
DEFS004285, DEFS004288–DEFS004295, DEFS004297–DEFS004298, DEFS004301,
DEFS004302–DEFS004306, DEFS004322–DEFS004324, DEFS004356, DEFS004357,
DEFS004361–DEFS004364, DEFS004387, DEFS004388–DEFS004395, DEFS004396,
DEFS004397–DEFS004398, DEFS004495–DEFS004511, DEFS004513, DEFS004514,
DEFS004618–DEFS004625, DEFS004626–DEFS004634, DEFS004654, DEFS004655–
DEFS004657, DEFS004658–DEFS004661, DEFS004686–DEFS004695, DEFS004696–
DEFS004700, DEFS004711, DEFS004717, DEFS004718, DEFS004775–DEFS004777,
DEFS004778–DEFS004779, DEFS004780–DEFS004785, DEFS004803–DEFS004810,
DEFS004811, DEFS004838–DEFS004839, DEFS004840–DEFS004842, DEFS005105–
DEFS005107, DEFS005116–DEFS005117, DEFS005130, DEFS005142–DEFS005291,
DEFS005292–DEFS005293, DEFS005294, DEFS005295–DEFS005296, DEFS005297–
DEFS005299, DEFS005300–DEFS005302, DEFS005303–DEFS005305, DEFS005306–
DEFS005309, DEFS005310–DEFS005314, DEFS005315–DEFS005317, DEFS005318–
DEFS005319, DEFS005320–DEFS005322, DEFS005323, DEFS005331–DEFS005332,
DEFS005333, DEFS005336–DEFS005340, DEFS005667–DEFS005668, DEFS005669–
DEFS005671, DEFS005761–DEFS005767, DEFS005768–DEFS005774, DEFS005775–
DEFS005781, DEFS005789–DEFS005795, DEFS005840–DEFS005842, DEFS005871,
DEFS005872–DEFS005873, DEFS005874–DEFS005876, DEFS005877–DEFS005878,
DEFS005914, DEFS005929–DEFS005930, DEFS005931, DEFS005933, DEFS005934–
DEFS005935, DEFS005936–DEFS005937, DEFS005940–DEFS005941, DEFS005979,
DEFS005984–DEFS005986, DEFS005987–DEFS005988, DEFS005989–DEFS005990,
DEFS005991–DEFS005992, DEFS005998–DEFS006000, DEFS006001–DEFS006003,
DEFS006004–DEFS006006, DEFS006125–DEFS006131, DEFS006132–DEFS006133,
DEFS006134, DEFS006139, DEFS006162–DEFS006163, DEFS006187–DEFS006192,
DEFS006220–DEFS006249, DEFS006250–DEFS006255, DEFS006274–DEFS006275,
DEFS006276–DEFS006277, DEFS006311, DEFS006314–DEFS006315, DEFS006319–

DEFS006320, DEFS006337, DEFS006343–DEFS006346, DEFS006347–DEFS006348, DEFS006408–DEFS006409, DEFS006410, DEFS006415–DEFS006416, DEFS006450–DEFS006453, DEFS006454, DEFS006455–DEFS006508, DEFS006509–DEFS006510, DEFS006541–DEFS006542, DEFS006543–DEFS006545, DEFS006561–DEFS006563, DEFS006572–DEFS006573, DEFS006574–DEFS006576, DEFS006584–DEFS006587, DEFS006588–DEFS006591, DEFS006592–DEFS006595, DEFS006599–DEFS006604, DEFS006605–DEFS006607, DEFS006608–DEFS006612, DEFS006692–DEFS006693, DEFS006694, DEFS006695–DEFS006696, DEFS006697–DEFS006698, DEFS006699–DEFS006700, DEFS006701–DEFS006704, DEFS006705, DEFS006723–DEFS006724, DEFS006727–DEFS006728, DEFS006729–DEFS006744, DEFS006745–DEFS006749, DEFS006750–DEFS006753, DEFS006759–DEFS006765, DEFS006770–DEFS006774, DEFS006775–DEFS006780, DEFS006781–DEFS006783, DEFS006784–DEFS006785, DEFS006786–DEFS006787, DEFS006788–DEFS006791, DEFS006813, DEFS006814–DEFS006815, DEFS006816–DEFS006817, DEFS006818–DEFS006819, DEFS006853, DEFS006854–DEFS006855, DEFS006856–DEFS006857, DEFS006866–DEFS006868, DEFS006869–DEFS006870, DEFS006871–DEFS006872, DEFS006878–DEFS006879, DEFS006880–DEFS006881, DEFS006882–DEFS006883, DEFS006884–DEFS006886, DEFS006887–DEFS006892, DEFS006891–DEFS006892, DEFS006896–DEFS006903, DEFS006904–DEFS006906, DEFS006961–DEFS006962, DEFS006963–DEFS006964, DEFS006965–DEFS006966, DEFS006967–DEFS006968, DEFS006969–DEFS006970, DEFS006971–DEFS006972, DEFS006973–DEFS006974, DEFS007339–DEFS007340, DEFS007341–DEFS007342, DEFS007343–DEFS007344, DEFS008612, DEFS008634–DEFS008636, DEFS008666, DEFS008669–DEFS008675, DEFS008701–DEFS008702, DEFS010080–DEFS010149, DEFS010294–DEFS010324, DEFS010595–DEFS010606, DEFS010770, DEFS021103–DEFS021105, DEFS021267, DEFS021268, DEFS021269, DEFS021270, DEFS021293, DEFS021294, DEFS021295, DEFS021298, DEFS021301, DEFS021302, DEFS021303, DEFS021304, DEFS021305, DEFS021306, DEFS021308,

1  DEFS021311–DEFS021316,        DEFS021323–DEFS021324,        DEFS021390–DEFS021391,

2  DEFS021392,    DEFS021393–DEFS021471,    DEFS021695,    DEFS022625,    DEFS022635,

3  DEFS022639,    DEFS022658–DEFS022660,    DEFS023123–DEFS023146,    DEFS023198,

4  DEFS023199,    DEFS023207–DEFS023208,    DEFS023209–DEFS023210,    DEFS023316–

5  DEFS023317,    DEFS023318–DEFS023320,    DEFS023334–DEFS023335,    DEFS023336–

6  DEFS023370,    DEFS023376–DEFS023380,    DEFS023451–DEFS023453,    DEFS024394–

7  DEFS024438,    DEFS024450,    DEFS024517–DEFS024533,    DEFS024534,    DEFS024566–

8  DEFS024575,    DEFS024576–DEFS024580,    DEFS024581–DEFS024592,    DEFS024593–

9  DEFS024600,    DEFS024601–DEFS024604,    DEFS024605–DEFS024609,    DEFS024615–

10  DEFS024616,    DEFS024960,    DEFS025290–DEFS025359,    DEFS025467,    DEFS025468–

11  DEFS025470,    DEFS025478–DEFS025480,    DEFS025481–DEFS025482,    DEFS025660,

12  DEFS025661–DEFS025662,        DEFS025663–DEFS025664,        DEFS025691–DEFS025693,

13  DEFS025694–DEFS025696,    DEFS025699–DEFS025700,    DEFS025716,    DEFS025718–

14  DEFS025719,  DEFS025859–DEFS025860,  DEFS026282–DEFS026283,  and  DEFS026286–

15  DEFS026319.  Additionally, see Answers to Interrogatories below in addition to deposition

16  testimony of witnesses in this matter.

17  **INTERROGATORY NO. 10:**

18  You have also alleged that SCC engaged in conduct that chilled efforts to market and sell

19  the Property.  Please provide the following information regarding that allegation.

20  a.    Please identify and describe in detail each SCC action or failure to act that you

21  allege to have chilled efforts to market and sell the Property.

22  b.    As to each SCC act or failure to act that you allege to have chilled efforts to

23  market and sell the Property, please explain how that conduct chilled efforts to market and sell

24  the Property.

25  c.    As to each SCC act or failure to act that you allege to have chilled efforts to

26  market and sell the Property, please identify all persons who were involved in or have personal

27  knowledge of those acts or failures to act that chilled efforts to market and sell the Property.

d.    Please identify by Bates label numbers all documents that relate to your allegation that SCC chilled efforts to market and sell the Property.

**ANSWER TO INTERROGATORY NO. 10:**

Defendant reserves all rights with regard to its prior objections relating to SCC exceeding the twenty-five (25) Interrogatory per party limit as stated in FRCP 33. ("…a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."). Defendant previously indicated it would respond when SCC withdrew or modified the propounded Interrogatories to come in compliance with FRCP 33. SCC has not formally withdrawn any Interrogatories, despite exceeding the limitations. Rather, SCC has conditionally offered to withdraw certain Interrogatories predicated upon the potential waiver of objections. Defendant is not willing to waive unrelated objections in order for SCC to withdraw Interiorities exceeding FCRP 33. Nevertheless, in an effort to resolve any dispute, Defendant provides this supplemental response to this Interrogatory.

Defendant reasserts its objection that this Interrogatory seeks to invade applicable privileges, including but not limited to, the attorney-client privilege and the work product doctrine. Defendant further again objects to this Interrogatory as it is also unduly burdensome. Subject to and without waiving the foregoing, Defendant responds as follows:

Prior to the bankruptcy, Robert Heller of Spectrum Gaming actively pursued a transaction involving the sale of equity in the entity that owned the Property in addition to the operating company in order to satisfy the SCC debt. By August, Mr. Heller had gained momentum with several interested parties. However, just as Mr. Heller gained that momentum, SCC publicly recorded a notice of default and election to sell, which undermined Mr. Heller's efforts. Thereafter, the asset was placed in bankruptcy, which by SCC's own account, does not typically attract buyers for this type of asset. Further, SCC engaged in its own parallel marketing efforts, which undoubtedly negatively impacted the efforts pursued by Mr. Heller, Mr. Sodl, and others. Finally, SCC was presented with a number of other potential purchasers, but did not give the purchasers serious consideration.

The individuals/entities who had knowledge of these facts as well as additional facts detailing SCC's conduct include, but are not limited to, the following: David Jacoby, Robert Heller, Matthew Sodl, Andrew Fonfa (deceased), Michael Parks, John Knott (deceased), Enrique Landa, Griffith Harsh, Larry Bertsch, Michael Brunet, Sarah Sorrells, the DeBartolo Group, Dotty's Gaming and Spirits, Christian Goode, Peninsula Pacific, Jonathan Reindollar, Highgate Capital/Halifax Holdings, Transworld Corporation, Imperial Companies, the Witkoff Group, Steve Botthof and Liu Bao.  Documents produced in this matter relating to these facts include, but are not limited to, documents produced in this matter in response to third party subpoenas.  These third-party productions include:  DEB-00000001–11675;  Brunet_000001–700; CBRE_000001–57759;  IC  000001–29619,  GGG0000001–337,  H  000001–541, IMPERIAL0000001–127,  IVORY00000001–8808,  ROBOTT0000001–582, SILVERPOINT000001–758,  SUMMIT0000001–11651,  TWC00000001–1538,  and WITKOFF00000001–157.  Additionally, see documents produced or identified by SCC in this matter as well as Fonfa 251–1129.  Finally, see documents produced or identified by Defendants in this matter, which including the documents identified in the Answer to Interrogatory No. 9 above.  Within the foregoing document productions please see, without limitation, the following: Brunet_000001,    CBRE_001020,    CBRE_001183,    CBRE_001755,    CBRE_001763, CBRE_001936,    CBRE_002051,    CBRE_002090,    CBRE_002120,    CBRE_002164, CBRE_002328,    CBRE_003476,    CBRE_003482,    CBRE_003483,    CBRE_003484, CBRE_003485,    CBRE_003491,    CBRE_003492,    CBRE_003493,    CBRE_003494, CBRE_003499,    CBRE_003500,    CBRE_003501,    CBRE_003513,    CBRE_003514, CBRE_003515,    CBRE_003516,    CBRE_003523,    CBRE_003524,    CBRE_003525, CBRE_003658,    CBRE_003663,    CBRE_003664,    CBRE_003665,    CBRE_003672, CBRE_003679,    CBRE_003681,    CBRE_003682,    CBRE_003774,    CBRE_003777, CBRE_003778,    CBRE_003779,    CBRE_003783,    CBRE_003784,    CBRE_003785, CBRE_003786,    CBRE_003795,    CBRE_003796,    CBRE_003797,    CBRE_003799, CBRE_003800,    CBRE_003803,    CBRE_003806,    CBRE_003818,    CBRE_003823,

1  CBRE_003825,     CBRE_003837,     CBRE_003839,     CBRE_003840,     CBRE_003842,

2  CBRE_003844,     CBRE_003909,     CBRE_004505,     CBRE_004507,     CBRE_004508,

3  CBRE_004511,     CBRE_004514,     CBRE_004515,     CBRE_004516,     CBRE_004538,

4  CBRE_004731,     CBRE_005020,     CBRE_005023,     CBRE_005024,     CBRE_005027,

5  CBRE_005091,     CBRE_005094,     CBRE_005095,     CBRE_005098,     CBRE_005099,

6  CBRE_005101,     CBRE_005382,     CBRE_005385,     CBRE_005386,     CBRE_005412,

7  CBRE_005460,     CBRE_005982,     CBRE_005985,     CBRE_005991,     CBRE_005992,

8  CBRE_005993,     CBRE_005994,     CBRE_006057,     CBRE_006153,     CBRE_006161,

9  CBRE_006300,     CBRE_006332,     CBRE_006507,     CBRE_006533,     CBRE_006554,

10  CBRE_006567,     CBRE_006998,     CBRE_007885,     CBRE_008413,     CBRE_008569,

11  CBRE_009009,     CBRE_009014,     CBRE_009727,     CBRE_010440,     CBRE_010443,

12  CBRE_010446,     CBRE_010449,     CBRE_010615,     CBRE_010700,     CBRE_010703,

13  CBRE_011290,     CBRE_011305,     CBRE_011992,     CBRE_012030,     CBRE_012069,

14  CBRE_012072,     CBRE_012082,     CBRE_012101,     CBRE_012122,     CBRE_012135,

15  CBRE_012156,     CBRE_012253,     CBRE_012772,     CBRE_012781,     CBRE_013554,

16  CBRE_013572,     CBRE_013588,     CBRE_013620,     CBRE_013980,     CBRE_013995,

17  CBRE_014034,     CBRE_014040,     CBRE_014041,     CBRE_014044,     CBRE_014046,

18  CBRE_014047, CBRE_014049, CBRE_052089, CBRE_052090, DEFS003545, DEFS004177,

19  DEFS005115,  DEFS006314,  DEFS010498,  DEFS010743,  DEFS022988,  DEFS023093,

20  DEFS024339, DEFS024439, DEFS024444, DEFS024501, EK000002, EK000074, EK000092,

21  EK000209, EK000231, EK000334, EK000338, EK000421, EK000426, EK000428, EK000429,

22  EK000431, EK000437, EK000545, EK000749, EK000761, EK000898, EK001177, EK001684,

23  EK001786, FATCO000282, FATCO000577, (Fonfa) IC  007742, (Fonfa) IC  025042,

24  FONFA00751, IC003888, IC005618, IC009773, IC010389, IC010876, IC011984, IC012015,

25  IC012056, IC012062, IC014875, IC014911, IC014951, IC014958, IC014965, IC014972,

26  IC014985, IC014998, IC015004, IC015075, IC015271, IC015383, IC015545, IC016348,

27  IC016350, IC016382, IC018017, IC020503, IC021831, IC021847, IC022598, IC023015,

IC023072, IC023077, IC023709, IC024256, IC024625, IC026117, IC026337, IC026540, IC026543, IC026546, IC026586, IC026634, IC026639, IC026645, IC026651, IC026748, IC026981, IC027113, IC027115, IC027622, IC027915, IC027921, IC027928, IC028389, IG0004248, IG0004259, IG0004798, IG0004800, IG0005435, IG0005530, IG0005603, IG0006030, IG0006154, IG0006290, IG0006601, IG0006842, IG0006844, IG0007602, IG0007871, IG0007874, IG0007891, IMPERIAL0000121, SCC_A014609, SCC_A015771, SCC_A016931, SCC_A016998, SCC_A017796, SCC_A018261, SCC_A018352, SCC_A018910, SCC_A018911, SCC_A019074, SCC_A019081, SCC_A019089, SCC_A019525, SCC_A019575, SCC_A019576, SCC_A019582, SCC_A020008, SCC_A020010, SCC_A020100, SCC_A020106, SCC_A020120, SCC_A020142, SCC_A020257, SCC_A020261, SCC_A020265, SCC_A020277, SCC_A020279, SCC_A020302, SCC_A020318, SCC_A020333, SCC_A020767, SCC_A020768, SCC_A020896, SCC_A021146, SCC_A021149, SCC_A021184, SCC_A021192, SCC_A021293, SCC_A021300, SCC_A022989, SCC_A023906, SCC_A023911, SCC_A023969, SCC_A024084, SCC_A024086, SCC_A024093, SCC_A028320, SCC_A035528, SCC_A035924, SCC_A036443, SCC_A036482, SCC_EMAIL000039, SCC_EMAIL001113, SCC_EMAIL003309, SCC_EMAIL009289, SCC_EMAIL009294, SCC_EMAIL009315, SCC_EMAIL009395, SCC_EMAIL009406, SCC_EMAIL009469, SCC_EMAIL009683, SCC_EMAIL009684, SCC_EMAIL009701, SCC_EMAIL009704, SCC_EMAIL009710, SCC_EMAIL009714, SCC_EMAIL009726, SCC_EMAIL009809, SCC_EMAIL009927, SCC_EMAIL009965, SCC_EMAIL009973, SCC_EMAIL009991, SCC_EMAIL009992, SCC_EMAIL009993, SCC_EMAIL010118, SCC_EMAIL010120, SCC_EMAIL010123, SCC_EMAIL010127, SCC_EMAIL010144, SCC_EMAIL010322, SCC_EMAIL010330, SCC_EMAIL010612, SCC_EMAIL011001, SCC_EMAIL011006, SCC_EMAIL014454, SCC_EMAIL014457, SCC_EMAIL014462, SCC_EMAIL014468, SCC_EMAIL014475, SCC_EMAIL014478, SCC_EMAIL014482, SCC_EMAIL014483, SCC_EMAIL014503, SCC_EMAIL014504, SCC_EMAIL014513, SCC_EMAIL014517,

1   SCC_EMAIL014518,    SCC_EMAIL014553,    SCC001055,    SCC034516,    SCC039550,

2   SCC040348, SCC041000, SCC041365, SCC041409, SCC041410, SCC041474, SCC041475,

3   SCC041476, SCC041519, SCC041602, SCC041605, SCC041746, SCC041750, SCC041752,

4   SCC041777, SCC041803, SCC041805, SCC041847, SCC041850, SCC041851, SCC041870,

5   SCC041889,    SCC042050,    SF000155,    TW00001501,    TW00001503,    TW00001504,

6   TW00001506, TW00001507, and TW00001509.   Additionally, see Answers to Interrogatories

7   herein in addition to deposition testimony of witnesses in this matter.

8   **INTERROGATORY NO. 11:**

9       You have repeatedly alleged that SCC disguised its true intent to sell the Lucky Dragon

10  Hotel and Casino outside the Court approved process by attempting to sell the underlying loans

11  outside the bankruptcy process.   Please provide the following information regarding that

12  allegation.

13      a.   Please identify and describe in detail each SCC attempt to sell the underlying

14  loans outside the bankruptcy process.

15      b.   As to each such SCC attempt to sell the underlying loans outside the bankruptcy

16  process, please explain: (1) how that conduct was disguised from you or anyone else; and (2)

17  why SCC would not have been entitled to sell the underlying loans if it chose to do so.

18      c.   As to each such SCC attempt to sell the underlying loans outside the bankruptcy

19  process, please identify all persons who were involved in or have personal knowledge of that

20  attempt.

21      d.   Please identify by Bates label numbers all documents that relate to your allegation

22  that SCC disguised its true intent to sell the Lucky Dragon Hotel and Casino outside the Court

23  approved process by attempting to sell the underlying loans outside the bankruptcy process.

24  **ANSWER TO INTERROGATORY NO. 11:**

25      Defendant reserves all rights with regard to its prior objections relating to SCC exceeding

26  the twenty-five (25) Interrogatory per party limit as stated in FRCP 33. ("…a party may serve on

27  any other party no more than 25 written interrogatories, including all discrete subparts.").

Defendant previously indicated it would respond when SCC withdrew or modified the propounded Interrogatories to come in compliance with FRCP 33. SCC has not formally withdrawn any Interrogatories, despite exceeding the limitations. Rather, SCC has conditionally offered to withdraw certain Interrogatories predicated upon the potential waiver of objections. Defendant is not willing to waive unrelated objections in order for SCC to withdraw Interiorities exceeding FCRP 33. Nevertheless, in an effort to resolve any dispute, Defendant provides this supplemental response to this Interrogatory.

Defendant reasserts its objection that this Interrogatory is compound and conjunctive as it seeks information relating to SCC's interference with the bankruptcy approved sale process as well as SCC's interference with marketing and selling the Property generally. Defendant further objects to this Interrogatory to the extent it seeks to invade applicable privileges, including but not limited to, the attorney-client privilege and the work product doctrine. Defendant further again objects to this Interrogatory as it is also unduly burdensome. Subject to and without waiving the foregoing, Defendant responds as follows:

I personally learned that SCC was attempting to market the promissory notes through the litigation. *See* Answer to Interrogatory No. 9 above. The individuals/entities who had knowledge of these facts as well as additional facts detailing SCC's conduct include, but are not limited to, the following: David Jacoby, Robert Heller, Matthew Sodl, Andrew Fonfa (deceased), Michael Parks, John Knott (deceased), Enrique Landa, Griffith Harsh, Larry Bertsch, Michael Brunet, Sarah Sorrells, the DeBartolo Group, Dotty's Gaming and Spirits, Christian Goode, Peninsula Pacific, Jonathan Reindollar, Highgate Capital/Halifax Holdings, Transworld Corporation, Imperial Companies, and the Witkoff Group,. Documents produced in this matter relating to these facts include, but are not limited to, documents produced in this matter in response to third party subpoenas. These third-party productions include: DEB-00000001–11675; Brunet_000001–700; CBRE_000001–57759; IC 000001–29619, GGG0000001–337, H 000001–541, IMPERIAL0000001–127, IVORY00000001–8808, ROBOTT0000001–582, SILVERPOINT000001–758, SUMMIT0000001–11651, TWC00000001–1538, and

WITKOFF00000001–157.  Additionally, see documents produced or identified by SCC in this matter as well as Fonfa 251–1129.  Finally, see documents produced or identified by Defendants in this matter, which including the documents identified in the Answer to Interrogatory No. 9 above, and other Interrogatory answers herein.

**INTERROGATORY NO. 12:**        (withdrawn by SCC)

You have alleged that SCC represented to interested parties that "[SCC] anticipated getting the Property back very soon and that those parties should purchase the Property directly from the Plaintiff."  Please provide the following information regarding that allegation.

a.      Please identify and describe in detail each occasion on which SCC made a representation of the type that you allege SCC to have made in Affirmative Defense Nos. 7, 9, 10, 11 of your Amended Answer to the Complaint (Dkt. No. 126)).

b.      As to each such SCC representation of the type that you allege SCC to have made (in Affirmative Defense Nos. 7, 9, 10, 11 of your Amended Complaint), please identify the "interested parties" to whom that representation was made.

c.      As to each such representation of the type that you allege SCC to have made, please identify: (1) all persons who were involved in or have personal knowledge of SCC's making such a representation; and (2) all documents by Bates label number that concern any such SCC representations.

**ANSWER TO INTERROGATORY NO. 12:**

Defendant objects to this Interrogatory as compound and conjunctive.  This interrogatory contains several discrete subparts, which count against the twenty-five (25) Interrogatory per party limit as stated in FRCP 33. ("…a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.").  Specifically, this Interrogatory seeks information relating to defenses asserted, individuals with knowledge of the same, and documents that support the same and should be counted as separate interrogatories.  *See Philipps v. Clark County Sch. Dist.*, No. 2:10-CV-02068-GMN-GWF, 2012 U.S. Dist. LEXIS 5309, at *18–19 (D. Nev. 2012) (finding that interrogatories which demand information and the

identification of documents relating to the same constitutes two independent questions). This Interrogatory also must be counted as separate Interrogatories based on its request to have facts applied to, at minimum, four separate affirmative defenses. As such, this Interrogatory must be counted as at least eight separate Interrogatories. *See Kendall v. GES Exposition Servs.*, 174 F.R.D. 684, 685 (D. Nev. 1997).

Defendant further objects to this Interrogatory to the extent it seeks to invade applicable privileges, including but not limited to, the attorney-client privilege and the work product doctrine. This Interrogatory is also unduly burdensome.

Additionally, Defendant objects to this Interrogatory as premature as it is in the form of a "contention interrogatory." "Contention interrogatories are premature if a propounding party cannot present plausible grounds show that early answers to contention questions will efficiently advance litigation, or if the [answering party] does not have adequate information to assert its position." *Cardoza v. Bloomin' Brands, Inc.*, No. 2:13-CV-01820-JAD-NJK, 2015 U.S. Dist. LEXIS 82015, at *5 (D. Nev. June 22, 2015). Defendant further objects to this Interrogatory as discovery is ongoing and not yet completed; specifically, Defendant does not have all necessary information at this time to respond fully.

Subject to and without waiving the foregoing, Defendant responds as follows:

SCC has exceeded its limit of twenty-five (25) Interrogatories set by FRCP 33 and Defendant cannot respond because of the same. SCC sent six interrogatories in its First Set of Interrogatories to Defendant. With its Second Set of Interrogatories to Defendant, SCC has propounded, at least, twenty-six (26) Interrogatories.

In total, SCC has propounded, at a minimum, thirty-two (32) separate and distinct Interrogatories in violation of the limit imposed by FRCP 33. If a responding party answers interrogatories in excess of the limits imposed by the Rules of Civil Procedure, it waives its objection based on excess interrogatories. *See Bartech Sys. Int'l v. Mobile Simple Solutions, Inc.*, No. 2:15-CV-02422-MMD-NJK; 2018 U.S. Dist. LEXIS 22296, at *42 (D. Nev. Feb. 12, 2018) (finding that despite a defendant attempting to satisfy its discovery obligations in

responding to interrogatories by objecting to excess interrogatories beyond the limit in FRCP 13, yet still answering in good faith, the party has waived the objection); *VEG Corp. v. United States*, No. 2:17-CV-02893-JCM-NJK, 2018 U.S. Dist. LEXIS 126804, at * (D. Nev. July 30, 2018) (citing to *Anderson v. Hansen*, 2012 U.S. Dist. LEXIS 131010, at *18–19 (E.D. Cal. Sept. 13, 2012) (finding that a responding party that answers interrogatories in excess of the twenty-five interrogatory limit has waived subsequent objections based on excess interrogatories)). As such, Defendant cannot respond unless and until SCC withdraws or modifies the propounded Interrogatories.

**INTERROGATORY NO. 13:**

In numerous paragraphs of your Amended Answer to the Complaint (Dkt. No. 126), you have denied SCC's allegations to the extent that they "are inconsistent with the terms of the Construction Loan, the Second Promissory Note, the Second Line of Credit, the Deed of Trust, the Guaranty and/or the course of dealing between the parties. Please provide the following information regarding those denials of SCC's allegations.

a. Please identify each and every SCC allegation that is inconsistent with any one or more of the referenced documents.

b. As to each such allegation identified, please identify by Bates label numbers those documents with which that allegation is inconsistent.

c. As to each allegation you have identified as inconsistent, please state all of the facts and reasons that make that allegation inconsistent with the documents specified in your response to Interrogatory 14(b).

**ANSWER TO INTERROGATORY NO. 13:**

Defendant reserves all rights with regard to its prior objections relating to SCC exceeding the twenty-five (25) Interrogatory per party limit as stated in FRCP 33. ("…a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."). Defendant previously indicated it would respond when SCC withdrew or modified the propounded Interrogatories to come in compliance with FRCP 33. SCC has not formally

1    withdrawn any Interrogatories, despite exceeding the limitations.  Rather, SCC has conditionally

2    offered to withdraw certain Interrogatories predicated upon the potential waiver of objections.

3    Defendant is not willing to waive unrelated objections in order for SCC to withdraw Interiorities

4    exceeding FCRP 33.  Nevertheless, in an effort to resolve any dispute, Defendant provides this

5    supplemental response to this Interrogatory.

6        Defendant objects to this Interrogatory as compound and conjunctive.  Defendant further

7    objects to this Interrogatory as vague and ambiguous as it fails to cite any actual specific

8    allegations.  Defendant further objects to this Interrogatory to the extent it seeks to invade

9    applicable privileges, including but not limited to, the attorney-client privilege and the work

10   product doctrine.  Defendant also objects to this Interrogatory as premature as it is in the form of

11   a "contention interrogatory."  "Contention interrogatories are premature if a propounding party

12   cannot present plausible grounds show that early answers to contention questions will efficiently

13   advance litigation, or if the [answering party] does not have adequate information to assert its

14   position." *Cardoza v. Bloomin' Brands, Inc.*, No. 2:13-CV-01820-JAD-NJK, 2015 U.S. Dist.

15   LEXIS 82015, at *5 (D. Nev. June 22, 2015).  Subject to and without waiving the foregoing and

16   without waiver of any prior objection, Defendant provides the following supplemental response.

17       This Interrogatory, while purporting to request facts, actually seeks legal conclusions and

18   the mental impressions, conclusions, opinions and legal theories of counsel.  Nevertheless,

19   Defendant responds as follows:  *See* documents produced as DEFS00001 through DEFS003527.

20   **INTERROGATORY NO. 14:**

21       You have alleged that "the fair market value of the Property exceeded any amount due

22   from [Lucky Dragon, L.P.] to [SCC] in the relevant dates under Nevada law."  Please provide the

23   following information regarding that allegation.

24       a.    Please identify each of "the relevant dates" to which you refer.

25       b.    Please state the fair market value of the Property as to each "relevant date" you

26   have identified.

27       c.    As to each such stated fair market value, please identify all persons who made a

legally binding offer to purchase the Property for a sum equal to or greater than such stated fair market value.

       d.     As to each such stated fair market value, please identify by Bates label number all documents that concern or evidence legally binding offers to purchase the Property for a sum equal to or greater than the fair market value(s) specified in your response to Interrogatory No. 14(b).

**ANSWER TO INTERROGATORY NO. 14:**

Defendant reserves all rights with regard to its prior objections relating to SCC exceeding the twenty-five (25) Interrogatory per party limit as stated in FRCP 33. ("…a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."). Defendant previously indicated it would respond when SCC withdrew or modified the propounded Interrogatories to come in compliance with FRCP 33.  SCC has not formally withdrawn any Interrogatories, despite exceeding the limitations.  Rather, SCC has conditionally offered to withdraw certain Interrogatories predicated upon the potential waiver of objections. Defendant is not willing to waive unrelated objections in order for SCC to withdraw Interrogatories exceeding FCRP 33.  Nevertheless, in an effort to resolve any dispute, Defendant provides this supplemental response to this Interrogatory.

Defendant objects to this Interrogatory as compound and conjunctive.  Defendant further objects to this Interrogatory to the extent it seeks to invade applicable privileges, including but not limited to, the attorney-client privilege and the work product doctrine.  This Interrogatory is also unduly burdensome as it seeks to have Defendant outline the values given to the property at each date during an undefined and unlimited time frame.  Additionally, Defendant objects to this Interrogatory as premature as it is in the form of a "contention interrogatory."  "Contention interrogatories are premature if a propounding party cannot present plausible grounds show that early answers to contention questions will efficiently advance litigation, or if the [answering party] does not have adequate information to assert its position." *Cardoza v. Bloomin' Brands, Inc.*, No. 2:13-CV-01820-JAD-NJK, 2015 U.S. Dist. LEXIS 82015, at *5 (D. Nev. June 22,

2015).  Defendant further objects to this Interrogatory as discovery (specifically expert discovery) is not yet completed; specifically, Defendant does not have all necessary information at this time to respond fully.  Moreover, Defendants objects to any assumption that "fair market value" is derived solely from "legally binding offers."  *See Unruh v. Streight*, 96 Nev. 684, 686, 615 P.2d 247, 249 (1980).  Defendant objects to this Interrogatory to the extent it requires Defendant to form a legal conclusion as to what a "legally binding offer" is.  Subject to and without waiving the foregoing, Defendant responds as follows:

The parties have not yet exchanged expert reports in this matter.  Defendant anticipates that both sides will present expert opinions and reports regarding the fair market value of the Property on the date of the foreclosure in accordance with Nevada law.  The date of the foreclosure is the relevant date to this determination.  The Court will determine whether any other evidence concerning the fair market value of the Property should be considered as part of this determination.

I have always believed that the fair market value of the Property exceeded any amounts actually due and owing to SCC.  The construction and acquisition costs for the Property were in excess of $160,000,000.  I am aware that an appraisal was conducted that valued the Property at over $140,000,000 as of October 2017.  SCC presented appraisals in June 2018 in the bankruptcy proceeding representing that the Fair Market Value of the Property was between $55-60,000,000. The Property was well-constructed and located just off the Las Vegas Strip and in close proximity to several significant projects.

The individuals/entities who had knowledge of these facts as well as additional facts detailing SCC's conduct include, but are not limited to, the following: David Jacoby, Andrew Fonfa (deceased), Michael Parks, John Knott (deceased), Sarah Sorrells, Keith Harper, Don Ahern and Newmark Knight Frank.  Documents produced in this matter relating to these facts include, but are not limited to, documents produced in this matter in response to third party subpoenas.  These third-party productions include: HARPER_000063–469, DEB-00000001– 11675; Brunet_000001–700; CBRE_000001–57759; IC 000001–29619, GGG0000001–337, H

000001–541, IMPERIAL0000001–127, IVORY00000001–8808, AHERN/LUCKY000001-1604, ROBOTT0000001–582, SILVERPOINT000001–758, SUMMIT0000001–11651, TWC00000001–1538, and WITKOFF00000001–157. Additionally, see documents produced or identified by SCC in this matter as well as Fonfa 251–1129. *See* documents produced or identified by Defendants in this matter, which including the documents identified in the Answers to the Interrogatories above. Defendant reserves the right to supplement this answer upon the completion of expert discovery in this matter.

DATED this 4th day of June, 2021.

**SANTORO WHITMIRE**

*/s/ Oliver J. Pancheri*
NICHOLAS J. SANTORO, ESQ.
Nevada Bar No. 0532
OLIVER J. PANCHERI, ESQ.
Nevada Bar No. 7476
10100 W. Charleston Blvd., Suite 250
Las Vegas, Nevada 89135
Tel.: (702) 948-8771 / Fax: (702) 948-8773
Email:  nsantoro@santoronevada.com
            opancheri@santoronevada.com

DAVID B. SNYDER (admitted *Pro Hac Vice*)
**FOX ROTHSCHILD LLP**
2000 Market Street, 20th Floor
Philadelphia, Pennsylvania 19103
Tel.: (215) 299-2000 / Fax: (215) 299-2150
Email:  dsnyder@foxrothchild.com

*Attorneys for Defendants William Weidner and
David Jacoby*

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on the 4th day of June, 2021, a true and correct copy of

3  **DEFENDANT WILLIAM WEIDNER'S SUPPLEMENTAL ANSWERS TO PLAINTIFF**

4  **SNOW COVERED CAPITAL, LLC'S SECOND SET OF INTERROGATORIES** was

5  electronically transmitted and deposited for mailing in the U.S. Mail, postage prepaid and

6  addressed to the following:

7

Bob L. Olson, Esq.
SNELL & WILMER
3883 Howard Hughes Pkwy., Suite 1100
Las Vegas, NV 89169
Tel.: (702) 784-5200
Email: bolson@swlaw.com

James D. McCarthy, Esq.
Mary Ann Joerres, Esq.
Jason P. Fulton, Esq.
David Reynolds, Esq.
DIAMOND MCCARTHY
2711 N. Haskell Ave., Suite 3100
Dallas, TX 75204
Tel.: (214) 389-5300
Email: jmccarthy@diamondmccarthy.com
      mjoerres@diamondmccarthy.com
      jfulton@diamondmccarthy.com
      dreynolds@diamondmccarthy.com
*Attorneys for Plaintiff Snow Covered Capital, LLC*

Robert W. Hernquist, Esq.
Mark Gardberg, Esq.
HOWARD & HOWARD ATTORNEYS
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
Tel.: (702) 257-1483 / Fax: (702) 5697-1568
Email: rwh@h2law.com
      mg@h2law.com
*Attorneys for Jodi Fonfa, as executrix to decedent estate of Andrew S. Fonfa*

                              */s/ Rachel Jenkins*
                              An employee of Santoro Whitmire