UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SNOW COVERED CAPITAL, LLC, <br><br> Plaintiff <br><br> v. <br><br> WILLIAM WEIDNER, et al., <br><br> Defendants | Case No.: 2:19-cv-00595-APG-NJK <br><br> **Order** <br><br> [ECF Nos. 199, 203, 206, 236, 237, 242, 248, 250, 254] |

Plaintiff Snow Covered Capital, LLC (SCC) sues to recover on a loan guaranty executed by defendants William Weidner, Andrew Fonfa,[1] and David Jacoby to secure a loan for the construction of the Lucky Dragon hotel and casino. *See* ECF No. 200-7. The case was recently transferred to me. ECF No. 262. The parties are familiar with the facts, so I repeat them here only as necessary to resolve the many motions pending before me.

**I. Jacoby & Weidner's Summary Judgment Motion, SCC's Motion to Strike (ECF Nos. 199, 250)**

Jacoby and Weidner move for summary judgment on the legal issue of whether SCC's post-foreclosure expenses can be included in the calculation of the indebtedness they owe in determining any deficiency amount under Nevada Revised Statutes (NRS) § 40.459. The parties agree this is the same issue involved in the parties' briefing regarding whether SCC can include post-foreclosure attorney's fees in the indebtedness calculation. ECF Nos. 199 at 2; 213 at 4. After the parties completed briefing on the defendants' summary judgment motion, Judge

---

[1] Andrew Fonfa passed away and his estate has been substituted as a defendant. ECF No. 169 at 9.

Dorsey (who was the assigned judge at the time) ruled that SCC's post-foreclosure attorney's fees cannot be included in the calculation of the amount of indebtedness. ECF No. 243.

I have reviewed the parties' briefs for that motion and the motion pending before me, Judge Dorsey's ruling, and the relevant law.  I agree with Judge Dorsey's analysis and adopt it as my own.  SCC's post-foreclosure expenses cannot be included as part of the indebtedness when calculating a deficiency judgment.  I do not address whether SCC has other means to collect its post-foreclosure expenses to the extent that it is entitled to recover them under the relevant agreements.  I hold only that those amounts are not included in the indebtedness used to determine a deficiency under NRS § 40.459.  Factual disputes about what constitutes a post-foreclosure expense will be resolved through the deficiency hearing.  Consequently, I grant Jacoby and Weidner's motion for summary judgment on this issue.  I deny SCC's motion to strike evidence attached to Jacoby and Weidner's reply brief as untimely and moot.

**II. SCC's Motions for Summary Judgment Regarding the Defendants' Affirmative Defenses and Related Motions (ECF Nos. 203, 206, 236, 237, 242)**

Jacoby and Weidner previously asserted 28 items they characterized as affirmative defenses. ECF No. 21 at 11-13.  Fonfa previously asserted 18 items that he characterized as affirmative defenses. ECF No. 22 at 8-9.  SCC moved to strike the affirmative defenses on a variety of grounds. ECF Nos. 51; 53.  Magistrate Judge Koppe recommended that some of those defenses be stricken, with leave to amend. ECF Nos. 114; 116.  After no one objected, Judge Dorsey adopted Judge Koppe's recommendations. ECF Nos. 120; 124.  The defendants subsequently filed amended answers. ECF Nos. 125; 126.  Fonfa thereafter stipulated to dismiss his defense 4 regarding SCC's failure to be licensed to make the loan. ECF No. 136.

SCC now moves for summary judgment on each of the defendants' remaining affirmative defenses in their amended answers. SCC argues that the defendants waived the defenses in the guaranty, there is no evidence to support the defenses, or they are not affirmative defenses because they seek to negate elements of SCC's claims. The defendants generally respond that SCC is seeking to preclude them from arguing that SCC's conduct impacted the property's fair market value, but they have nonwaivable defenses under Nevada's anti-deficiency statutes. They also argue some of their defenses are properly asserted as affirmative defenses and they have evidence to support them.

### A. Nonwaivable Statutory Issues

Under Nevada law, an affirmative defense raises "new facts and arguments that, if true, will defeat the plaintiff's claim, even if all allegations in the complaint are true." *Clark Cnty. Sch. Dist. v. Richardson Constr., Inc.*, 168 P.3d 87, 94 (Nev. 2007) (simplified). Under this definition, several of the items that the defendants characterize as affirmative defenses are not affirmative defenses. Rather, they are refutations of SCC's claims for breach of contract and a deficiency judgment, for which SCC bears the burden of proof. *See First Interstate Bank of Nev. v. Shields*, 730 P.2d 429, 431 (Nev. 1986) (stating that "lenders seeking deficiency judgments against any potentially liable defendants [must] prove the actual existence of a deficiency in accordance with the statutory scheme"). Consequently, I grant SCC's motion on Jacoby and

Weidner's "defenses" 1, 2, 4, 6, and 8,[2] and Fonfa's "defense" 1[3] to the extent that these are not properly characterized as affirmative defenses. However, issues regarding the amount of indebtedness, the property's fair market value, SCC's compliance with statutory requirements, and the need for a hearing under NRS § 40.457 are not waivable under Nevada's anti-deficiency statutes. *See* NRS § 40.453. My ruling should not be interpreted to admit or preclude at the hearing any particular evidence or argument that the parties discuss in their briefs, as that is not presently before me.

### B. Waived Defenses

In the guaranty, the defendants agreed to waive "any common law, equitable, statutory or other rights" related to SCC's release or impairment of the collateral and SCC's failure to exercise diligence or reasonable care related to the disposition of the property, including the delay or failure to commence foreclosure.[4] NRS § 40.453 provides that courts may not enforce a

---

[2] 1. SCC is barred from recovering because it did not comply with the anti-deficiency statutes, a deficiency hearing is required, and the defendants are entitled to an offset under NRS §§ 40.457-.459.
2. SCC is barred from recovering because it did not comply with the anti-deficiency statutes, a deficiency hearing is required, and the defendants are entitled to an offset under NRS § 40.495.
4. The property's fair market value exceeded the amount due, so there is no deficiency.
6. SCC fails to state a claim for relief.
8. The defendants are entitled to offset, set off, and equitable recoupment based on SCC's alleged interference. I understand this "defense" to be another argument that the defendants are entitled to offset the property's fair market value against the amount of indebtedness. If it is meant to be an affirmative defense based on SCC's alleged conduct, then it is waived as discussed below. *See* ECF No. 126 at 11-13.

[3] 1. The complaint fails to state a claim. *See* ECF No. 125 at 8.

[4] The defendants agreed to waive "any common law, equitable, statutory or other rights" related to "[a]ny release, surrender, exchange, subordination, deterioration, waste, loss or impairment (including without limitation negligent, willful, unreasonable or unjustifiable impairment) of any collateral, property or security at any time existing in connection with, or assuring or securing payment of, all or any part of the Guaranteed Obligations." ECF No. 204-6 at 6-8. They also agreed to waive those rights with respect to the "failure of [SCC] or any other party to exercise diligence or reasonable care in the preservation, protection, enforcement, sale or other handling or treatment of all or any part of such collateral, property or security, including but not limited to

4

provision in which a guarantor "waives any right secured to the person by the laws of this state." The Supreme Court of Nevada has concluded that this statute does not mean that a guarantor cannot waive any right secured by Nevada law because that would "lead to an absurd result." *See Lowe Enters. Residential Partners, L.P. v. Eighth Jud. Dist. Ct. ex rel. Cnty. of Clark*, 40 P.3d 405, 412 (Nev. 2002) (en banc). Rather, the statute precludes the waiver of rights under the anti-deficiency statutes. *Id.* at 412-13 (holding that a guarantor could waive the right to a jury trial because the non-waivability provision in NRS § 40.453 "protect[s] the rights created by Nevada's anti-deficiency legislation, not . . . the right to a jury trial").

The defendants have not presented authority that they cannot waive defenses based on SCC's alleged conduct related to disrupting or undermining sales efforts or not acting diligently in trying to obtain the highest price for the property. Nothing in Nevada law, including the anti-deficiency statutes, imposes on a secured creditor the obligation to maximize the return on collateral. *Cf. Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017) (holding that under Nevada law, "there is no duty for a secured creditor to time a foreclosure sale so as to minimize a deficiency"). Instead, the anti-deficiency statutes protect a guarantor from creditor overreaching through the deficiency calculation. *See Shields*, 730 P.2d at 431 (stating that the anti-deficiency statutes provide fairness to obligors by "assur[ing] that creditors in Nevada may not reap a windfall at an obligor's expense by acquiring the secured realty at a bid

---

any neglect, delay, omission, failure or refusal of Lender (i) to take or prosecute any action for the collection of any of the Guaranteed Obligations or (ii) to foreclose, or initiate any action to foreclose, or, once commenced, prosecute to completion any action to foreclose upon any security therefor, or (iii) to take or prosecute any action in connection with any instrument or agreement evidencing or securing all or any part of the Guaranteed Obligations." *Id.* at 8. The defendants also agreed to waive their rights in relation to "[a]ny other action taken or omitted to be taken with respect to the Loan Documents, the Guaranteed Obligations, or the security and collateral therefor, whether or not such action or omission prejudices Guarantors or increases the likelihood that Guarantors will be required to pay the Guaranteed Obligations . . . ." *Id.*

price unrelated to the fair market value of the property and thereafter proceeding against available obligors for the difference between such a deflated price and the balance of the debt").

The defendants argue that the contractual language does not specifically refer to affirmative defenses by name, so SCC has not shown that the defendants knowingly and intentionally waived them. But the waivers unambiguously state that the defendants waive "any common law, equitable, statutory or other rights" based on certain conduct or circumstances. The fact that the agreement does not identify every possible affirmative defense by name does not support the inference that the defendants did not knowingly and intentionally waive the right to assert these defenses. And the defendants present no evidence raising a genuine dispute that they did not understand the agreement or did not knowingly and intentionally waive claims related to the identified conduct and circumstances.

I therefore grant SCC's motion for summary judgment on Jacoby and Weidner's defenses 3, 5, 7, 9, 10, and 11,[5] and Fonfa's defenses 2, 3, 5, and 6.[6] However, as stated above, my ruling

---

[5] 3. SCC released or impaired the loan collateral and failed to dispose of the collateral in a commercially reasonable manner.
5. SCC's interpretation of the Guaranty should be barred as a matter of public policy because the Guaranty should not be interpreted to include penalties resulting from the Lucky Dragon's decision to file for bankruptcy. The defendants do not address this affirmative defense in their opposition.
7. Unclean hands and equitable estoppel based on SCC allegedly interfering with the bankruptcy court's approved sale process of the Lucky Dragon and engaging in conduct that chilled efforts to market and sell the property.
9. SCC failed to mitigate its damages based on SCC's alleged interference.
10. Release and discharge based on SCC's alleged interference.
11. Breach of the covenant of good faith and fair dealing based on SCC's alleged conduct that impaired the marketing and sale of the property. *See* ECF No. 126 at 12-14.
[6] 2. Waiver, latches, estoppel, and unclean hands based on SCC's alleged conduct in interfering with the marketing and sale of the property and failing to dispose of the property in a commercially reasonable manner.
3. Bad faith based on the same alleged conduct.
5. Failure to mitigate based on the same alleged conduct.

6

should not be interpreted to admit or preclude at the hearing any particular evidence or argument that the parties discuss in their briefs, as that is not presently before me.

I overrule as moot SCC's objections to certain evidence attached to the defendants' response briefs because I do not rely on that evidence to reach my decision. I deny SCC's motion to supplement because the proposed supplement is unnecessary to the resolution of SCC's motions for summary judgment.

**III. SCC's Motion *in Limine* & Motion to File Supplemental Certificate (ECF Nos. 248, 254)**

SCC filed a motion *in limine* to exclude Fonfa's expert, Scott Leslie. ECF No. 248. That motion does not comply with Local Rule 16-3(a) because it did not attach "a statement certifying that the parties have participated in the meet-and-confer process and have been unable to resolve the matter without court action." After Fonfa pointed out this defect in his opposition, SCC moved for leave to file a supplemental certificate of conference. ECF Nos. 253 at 6-7; 254. The supplemental certificate states only that SCC asked whether Fonfa would agree to exclude Leslie, and Fonfa would not agree. ECF No. 254-1. In Fonfa's opposition to the motion to supplement, he states that the attempted conferral was on short notice and hasty, and that SCC's counsel would not address why SCC sought to exclude all of Leslie's testimony when the motion did not address all of his opinions. ECF No. 257 at 2. SCC responds that its motion attacks all of Leslie's opinions and if Fonfa had asked about that, SCC's counsel "certainly would not have been unable or unwilling to respond" because there "was plenty to say." ECF No. 258 at 3.

---

6. Breach of the covenant of fair dealing based on the same alleged conduct. *See* ECF No. 125 at 8-9.

7

I deny the motion *in limine* for failure to comply with Local Rule 16-3(a).  I deny the motion to supplement because it does not cure the defect.  To "meet and confer" means "to communicate directly and discuss in good faith the issues required under the particular rule or court order." LR IA 1-3(f).  This requirement "may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference.  The exchange of written, electronic, or voice-mail communications does not satisfy this requirement." *Id.*  It is apparent there has been no substantive meet and confer as contemplated by the Local Rules.  Indeed, by SCC's own representation in its reply brief, it has "plenty to say" to respond to Fonfa's position.  Perhaps if the parties actually discussed those points as required, they could resolve or narrow the issues raised in the motion *in limine*.

## IV.  Civility

I recognize this case has been hard fought for many years now, but that does not excuse the tone of the briefing.  I refer counsel to Local Rule 1-1(c) regarding the "high degree of professionalism and civility" that I expect from attorneys appearing before me going forward.

## V.  Scheduling

I direct the parties to confer on a schedule to conclude this case.  If the parties cannot resolve the motion *in limine* regarding expert Leslie, they must propose a briefing schedule to resolve that motion.  They also must recommend a date to submit a proposed joint pretrial order regarding the deficiency hearing.

## VI.  Conclusion

I THEREFORE ORDER that defendants David Jacoby and William Weidner's motion for summary judgment on the issue of post-foreclosure expenses **(ECF No. 199) is GRANTED**.

8

I FURTHER ORDER that plaintiff Snow Covered Capital, LLC's motion to strike **(ECF No. 250) is DENIED**.

I FURTHER ORDER that plaintiff Snow Covered Capital, LLC's motions for summary judgment on the defendants' affirmative defenses **(ECF Nos. 203, 206) are GRANTED**.

I FURTHER ORDER that plaintiff Snow Covered Capital, LLC's objections **(ECF Nos. 236, 237) are OVERRULED as moot**.

I FURTHER ORDER that plaintiff Snow Covered Capital, LLC's motion for leave to supplement **(ECF No. 242) is DENIED as moot**.

I FURTHER ORDER that plaintiff Snow Covered Capital, LLC's motion *in limine* **(ECF No. 248) is DENIED** without prejudice.

I FURTHER ORDER that plaintiff Snow Covered Capital, LLC's motion to file supplemental certificate **(ECF No. 254) is DENIED**.

I FURTHER ORDER the parties to confer on a schedule to conclude this case. If the parties cannot resolve the motion *in limine* regarding expert Scott Leslie, they must propose a briefing schedule to resolve that motion. They also must recommend a date to submit a proposed joint pretrial order. The parties are to file a stipulation or separate proposals regarding these issues by August 5, 2022.

DATED this 15th day of July, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE