HOWARD & HOWARD ATTORNEYS PLLC
Robert Hernquist, Nevada Bar No. 10616
rwh@h2law.com
Mark Gardberg, Nevada Bar No. 10879
mjg@h2law.com
Wells Fargo Tower, Suite 1000
3800 Howard Hughes Parkway
Las Vegas, Nevada 89169-5980
Telephone: (702) 257-1483
Facsimile: (702) 567-1568

*Attorneys for Jodi Fonfa, as executrix to decedent estate of Andrew S. Fonfa*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SNOW COVERED CAPITAL, LLC<br><br>    Plaintiff,<br><br>vs.<br><br>WILLIAM WEIDNER, an individual THE ESTATE OF ANDREW S. FONFA, a deceased individual; DAVID JACOBY, an individual; and LUCKY DRAGON LP<br><br>    Defendants. | Case No. 2:19-cv-00595-ART-NJK<br><br>**ESTATE OF ANDREW FONFA'S OPPOSITION TO SNOW COVERED CAPITAL LLC'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF EXPERT WITNESS SCOTT LESLIE (ECF No. 271)** |

Defendant Jodi Fonfa, as Executrix of the Estate of Andrew S. Fonfa ("Fonfa") submits the following Opposition to the Motion in Limine to Exclude Expert Witness Scott Leslie filed by Plaintiff Snow Covered Capital LLC ("SCC") on September 7, 2022 (ECF 271):

/ / /

/ / /

/ / /

/ / /

## I. PRELIMINARY STATEMENT

In its Motion in Limine, SCC asks this Court to strike the expert testimony of Scott Leslie, CPA/ABV, CVA, CFF. Mr. Leslie is an accountant based in Las Vegas with over 35 years of experience. He is a Certified Public Accountant who is certified in forensic accounting and has testified on dozens of occasions. SCC concedes that Mr. Leslie is qualified and the Motion does not even attempt to argue otherwise.

SCC's Motion in Limine is, at best, a summary of cross-examination topics SCC could potentially explore at trial. It certainly does not establish a basis for the Court to exclude the expert testimony prior to trial. To the contrary, Mr. Leslie's testimony addresses several significant defects in SCC's damages calculation in this matter, which exceed $50,000,000. SCC hopes to prevent the Court from hearing evidence of these defects, which is the actual purpose of SCC's Motion in Limine. To this end, SCC omits numerous material matters from its Motion in Limine. In fact, SCC's Motion in Limine fails to even include Mr. Leslie's expert report. SCC's Motion in Limine should be denied on a number of grounds.

One of SCC's primary arguments is that Mr. Leslie failed to review certain documents when he issued his expert report. However, SCC fails to disclose to this Court that those additional documents were not served by SCC until one month _after_ the Leslie Report was served and three months _after_ the close of fact discovery in this matter. (ECF 179).[1] SCC attempted to cure some of the defects identified in the Leslie Report by producing new documents concurrently with the report prepared by its rebuttal expert. In its Motion, SCC cites various excerpts from Mr. Leslie's deposition where SCC's counsel asked questions regarding those untimely produced documents. However, SCC fails to inform the Court that this entire line of questioning is based upon documents that Mr. Leslie could not possibly have reviewed when he prepared his report (and which will likely be excluded from trial due to their untimely disclosure). Upon review of Mr.

---

[1] All fact discovery was to be completed in this matter by May 17, 2021. (ECF 179). Mr. Leslie's report was served on July 16, 2021. SCC made its untimely documents production on August 16, 2021. (Exhibits 1 & 4).

Leslie's report, this Court will quickly determine that Mr. Leslie's opinions are both relevant and reliable.

SCC takes issue with the scope of Mr. Leslie's engagement in this matter. Mr. Leslie, a damages expert, was asked to "review the expenses, costs, damages, and interest calculations provided" by SCC. (Leslie Report at SLA 0001, Exhibit 3). In discovery, SCC was asked to provide a detailed summary of its damages claimed in this matter. As such, Mr. Leslie reviewed SCC's discovery responses, which should have included a complete summary and reference to all supporting documents for SCC's damages claim. After his review, Mr. Leslie determined that SCC's damages claims were grossly misstated, unsupported, and that SCC's miscalculation of interest resulted in a multimillion dollar error. There is nothing improper or novel about the scope of Mr. Leslie's engagement. In fact, SCC engaged its own CPA to attempt to rebut Mr. Leslie's report and to try and correct (without success) many of the errors found in SCC's damages calculation.

Finally, the Court should note that the Motion does not even address all of the opinions set forth in Mr. Leslie's expert report. SCC asks this Court to strike all of Mr. Leslie's opinions, but the Motion fails to present a discussion or analysis of all of those opinions. For instance, Mr. Leslie's report provides a lengthy analysis of SCC's improper calculation of interest. (Exhibit 3 at SLA 0013-22). SCC asks this Court to strike those opinions, yet provides no reason to support such a ruling.

SCC was required to provide complete and accurate interrogatory responses, and the Federal Rules of Civil Procedure expressly state that Defendants are entitled to rely upon those responses. Mr. Leslie has reviewed and analyzed those responses and determined that SCC's damages claims are not supported by the evidence. Those opinions are both relevant and reliable, and consequently the Motion should be denied.

II.   **STATEMENT OF FACTS**

A.   **SCC HAS IMPROPERLY INFLATED ITS CLAIMED DAMAGES IN THIS CASE**

Throughout the history of this case, SCC has consistently inflated its damages claims. Due

to concern that SCC was artificially increasing the amount of the claimed deficiency by inflating the amount of the purported indebtedness, Defendants Weidner and Jacoby served SCC with interrogatories that required SCC to (1) provide a detailed calculation of all claimed damages and (2) identify all documents that support its claimed damages. (SCC First Supplemental Responses to Weidner & Jacoby First Set of Interrogatories, Exhibit 2).

SCC apparently understood the importance of providing detailed and thorough responses to interrogatories of this nature. SCC's response to Interrogatory No. 1 provides over twelve pages of discussion of the various categories of damages SCC is claiming. (Exhibit 2 at pp. 5-17). In response to Interrogatory No. 2, which required SCC to identify all documents that support its damages claims, SCC provided a spreadsheet that it titled as "Exhibit A," which identified numerous documents by bates stamp which purportedly supported SCC's damages claim. (*Id.*).[2] SCC should not be heard to complain that its own discovery responses were incomplete.[3]

B.  **THE LESLIE REPORT**

SCC's interrogatory responses regarding its damages claims raised numerous concerns. For instance, some of SCC's claimed categories of damages appeared outside the bounds of what is permitted by Nevada's deficiency statutes, such as (by way of example) SCC's claim to recover the commission paid to a broker when the property was sold almost six months <u>after</u> the foreclosure sale or its attempt to recover operating costs to maintain the property that were incurred after the foreclosure sale. (Exhibit 2). Likewise, many of SCC's claimed damages also appeared to be unsupported by any of the documents referenced in SCC's Exhibit A.

Due to those concerns, Fonfa retained CPA Scott Leslie to review SCC's damages claims

---

[2] SCC's Motion contains a curious discussion about how a party is not required to produce or identify documents when responding to an interrogatory. (ECF 271 at 5:18-6:19). Interrogatory 2 states "Identify by Bates stamp number or reference number all Documents and Correspondence You contend support each category or line item of damages You identify in response to Interrogatory No. 1." (Exhibit 2 at p. 17). Consequently, SCC was absolutely required to identify documents by Bates number that supported each of its damages claims—the discussion within SCC's Motion of the options provided by Rule 33(d) does not apply here.

[3] SCC states that this "Court will preside for many years without seeing such detailed and fulsome interrogatory responses." (ECF 271 at 5).

Page 4 of 15

and determine if SCC's damages claims are accurate and supported by the documents referenced in SCC's "Exhibit A." Mr. Leslie is a CPA and CFF with over 35 years of experience in accounting. (Exhibit 3, SLA 0077). Mr. Leslie has been appointed by courts to act as a receiver and special master, and has testified as an expert at trial, arbitration or deposition on over twenty occasions. (*Id*. at 0078-0079).

In its Motion, SCC attempts to mislabel Mr. Leslie as an "interrogatory expert." The truth is that Mr. Leslie performed an audit of SCC's damages claims in an attempt to determine whether those claims are supported. At the very beginning of his report, Mr. Leslie describes his assignment as follows:

> My report is limited to an analysis of costs, expenses, damages and interest accrued to the two loans and legal fees. The purpose of the analysis is to determine if the amounts asserted by Snow are supported and accurate should it ultimately be determined that the underlying costs, expenses, damages and interest are recoverable.

(Exhibit 3 at SLA 0002).

The Leslie Report begins by auditing SCC's various categories of damages. (Exhibit 3 at SLA 0004-0012, 0022-0023). Mr. Leslie determined that many of SCC's claimed expenses and costs were not supported by any documentation—in many instances no invoice or proof of payment was produced by SCC. (*Id*.).

The Leslie Report then reviews interest calculations and determines that SCC's interest calculation was "substantially overstated." (*Id*. at SLA 0013-22). The Leslie Report details that SCC's overstated damages and erroneous interest calculations could potentially amount to $24,835,703.63.[4] (*Id*.). Thus, SCC's overstated and unsupported damages is a significant issue in this matter.

---

[4] In his report, Mr. Leslie provides various calculations based upon various assumptions. (*See* Exhibit 3). Naturally, each of those assumptions results in a different outcome which is not unusual to see in an expert report. SCC cites these various calculations as "evidence" that Mr. Leslie's opinions are unreliable, but again fails to provide any explanation or substantive analysis of those opinions. This Court can quickly determine, upon review of the Leslie Report, that Mr. Leslie's calculations based on various assumptions are relevant and reliable.

**C. THREE MONTHS AFTER FACT DISCOVERY CLOSED, SCC PRODUCES ADDITIONAL DOCUMENTS ALONG WITH ITS REBUTTAL REPORT IN AN EFFORT TO ATTEMPT TO CURE SOME OF THE DEFECTS IDENTIFIED IN THE LESLIE REPORT**

While SCC's Motion attempts to be dismissive of Mr. Leslie and his opinions, in reality Mr. Leslie's Report caused SCC to scramble to address the pervasive defects in its inflated damages claims. On August 16, 2021, SCC produced three expert rebuttal reports. (Exhibit 4). One of those rebuttal reports was prepared by Paul Regan in response to the Leslie Report. At the time SCC served its rebuttal reports, it also produced approximately 150 pages of additional documents that had never been previously produced. (*Id*. See also Exhibit 1). SCC's counsel described these documents as "certain of the documents referenced as sources in the report of Paul Regan." (Exhibit 4). These documents were bates numbered as SCC_A037082-37231. (Exhibit 1 at ¶ 3). In his rebuttal report, Mr. Regan references these new, previously unproduced documents as evidence that all of SCC's claimed damages are properly supported. (*Id*.).

Fact discovery in this case closed on May 17, 2021 (three months prior). (ECF 179). Yet, SCC has never supplemented its Rule 26 disclosures to identify the additional documents it produced concurrently with the Regan report. (Exhibit 1 at ¶ 4). SCC failed to do so because such a disclosure would be untimely. Instead, SCC attempted to cure its discovery failure by improperly including the documents with the Regan report.

**III.   LEGAL STANDARD**

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Courts have broad discretion when deciding motions in limine. *Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1055 (N.D. Ill. 2009). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C & E Serv., Inc. v. Ashland Inc*., 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence in a motion in limine "the evidence must be inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co*., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004); *Kiswani v. Phoenix Sec. Agency, Inc*., 247 F.R.D. 554 (N.D. Ill. 2008); *Wilkins v. K-Mart Corp*., 487 F. Supp.

2d 1216, 1218-19. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc*., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins*, 487 F. Supp. 2d at 1219.

In this matter, Mr. Leslie's testimony and opinion should be admitted. At a minimum, any ruling regarding the admissibility of Mr. Leslie's testimony should wait for trial when the Court can hear from Mr. Leslie and assess the value and utility of his testimony. Further, this matter is set for a bench trial so the Court will be the sole factfinder regarding the evidence and can give Mr. Leslie's testimony the weight the Court determines is appropriate.

## IV. LAW AND ARGUMENT[5]

### A. MR. LESLIE'S OPINIONS ARE RELIABLE AND RELEVANT

FRE 702 allows admission of "scientific, technical, or other specialized knowledge" by a qualified expert if it "will assist the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702. Trial courts perform a "gatekeeping" function in order "to ensure the reliability and relevancy of expert testimony." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). This gatekeeping obligation applies to both jury and bench trials, although its importance is limited when the judge is the trier of fact and has an ongoing opportunity to evaluate the admissibility and weight of expert testimony.

SCC does not even attempt to argue that opinion testimony from a forensic accountant would not assist this Court in assessing SCC's claimed damages at trial. In its Motion, SCC attacks

---

[5] Local Rule 16-3(a) states that all motions in limine must include as an attachment an affidavit from counsel certifying that the parties have participated in the meet-and-confer process and have been unable to resolve the matter without court action. SCC's "renewed" motion in limine does not contain any such affidavit. (ECF 271). As this Court recalls, SCC's initial motion in limine was denied because SCC failed to hold a meet and confer conference prior to the filing of the motion. (ECF 264). The parties held a meet and confer conference on August 25, 2022. No resolutions were made.

Mr. Leslie based on nothing more than snippets from a deposition transcript. SCC did not provide the Court with Mr. Leslie's report or SCC's interrogatory responses regarding its claimed damages, and did not disclose to the Court that the documents Mr. Leslie purportedly failed to review were produced *after* Mr. Leslie prepared his report (and which will likely be subject to a future motion in limine to exclude these documents that were disclosed three months after the close of discovery). The fact that SCC felt a need to produce documents after the fact discovery cut-off to address the deficiencies identified by Mr. Leslie only supports the conclusions reached by Mr. Leslie. Nevertheless, this is much is clear:Mr. Leslie could not have reviewed the "documents reviewed by Mr. Regan" because those documents were not served by SCC until one month after the Leslie Report was served. (See ECF 271 at 12:18-13:7).

**1.    Mr. Leslie's Opinions Are Not Inadmissible Merely Because He Did Not Review Documents That Were Not Produced By SCC Until <u>After</u> Discovery Had Closed And <u>After</u> Mr. Leslie's Report Was Served**

In its Motion, SCC attacks Mr. Leslie because he did not review bank records that purportedly support SCC's damages claim. (ECF 271 at 12:18-13:7). To support that argument, SCC cites Mr. Leslie's deposition transcript. (*Id*.). The Motion makes similar arguments throughout, with similar references to Mr. Leslie's deposition transcript. However, SCC ignores that during Mr. Leslie's deposition defense counsel repeatedly objected to SCC's use of documents that were not produced during discovery and were not available to Mr. Leslie at the time he prepared his report:

> And I'll just join in that. I mean, these were documents that were produced in conjunction with the Regan report, as I understand it. So these were not available to even counsel at the time of the Leslie report. So I'd object to the extent it misstates the facts and the discovery in this case.
>
> And, David, unless you want me to keep on objecting, do you mind if I just have an ongoing objection to this document based on it being produced after the fact discovery and after Mr. Leslie's report was produced?

(Leslie Tr. at 134:20-135:4, 135:22-136:4, ECF 272 at APPX 0020). Mr. Leslie could not review documents that SCC did not even serve until one month *after* the Leslie Report was served, and this Court should not reward SCC and strike Mr. Leslie because SCC withheld that evidence.

Even if the documents contained within SCC's untimely disclosure are ultimately allowed to be used at trial, the arguments contained in the Motion do not justify exclusion of Mr. Leslie. At best, SCC's arguments that Mr. Leslie should have considered something that he did not are more appropriate subjects for cross examination. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional means of attacking shaky but admissible evidence.").

**2.      Mr. Leslie's Opinions Are Reliable And Relevant**

The Motion also argues that Mr. Leslie's opinions are unreliable based on SCC's contention that Mr. Leslie did not comply with AICPA Standard 100.06. (ECF 271 at 9:1-11:12). In an effort to support that argument, SCC presents an incomplete quote from Mr. Leslie's deposition. The truth is that Mr. Leslie testified that he did comply with the AICPA guidelines:

> Q. Did you reach any conclusion in your report that Snow Covered Capital did not support its damages claim?
>
> A. I reached a conclusion that the exhibits and the Interrogatories did not support the damages claim. There was a couple minor ones that were supported.
>
> Q. Yeah.
>
> A. But I did not -- that's -- that was the extent of what my services were. And that's what I said. So I completely met the standard -- or met the -- met the -- what the standard wanted to do. I looked at sufficient relevant data. I looked at the universe of data that existed.

(Depo. Tr at 34:20-35:10, ECF 272 at APPX 0011).

SCC also attempts to cast Mr. Leslie as an improper "interrogatory expert." In making that argument, SCC implicitly acknowledges that its interrogatory responses are inaccurate and incomplete—SCC concedes that it failed to identify and produce all responsive documents, and now asks this Court to strike Mr. Leslie to avoid the consequences of those failures.

As stated in Mr. Leslie's Report, the scope of his engagement was to determine whether the damages identified in SCC's interrogatory responses "are supported and accurate should it ultimately be determined that the underlying costs, expenses, damages and interest are

recoverable." (Exhibit 3 at SLA 0002). Mr. Leslie's analysis was necessarily limited to SCC's interrogatory responses, because SCC was obligated to provide full and complete answers to the interrogatories that requested SCC to (1) provide a detailed calculation of all claimed damages and (2) identify all documents that support its claimed damages. (Exhibit 2).

The Federal Rules of Civil Procedure expressly state that SCC was required to provide thorough and complete responses to these interrogatories and that Defendants are entitled to rely upon those responses.[6] Indeed, Rule 37(c) states that information that is not included in SCC's interrogatory responses may not be used at trial. FED. R. CIV. P. 37(c).[7] Consequently, it is perfectly reasonable that Defendants would rely upon SCC's interrogatory responses and anticipate that SCC's evidence at trial would be consistent as that identified in SCC's interrogatory responses.[8] Obviously, Mr. Leslie cannot provide opinions on the evidence presented at a trial that has not yet occurred. So he instead based his opinions on the interrogatory responses, which is both reasonable and customary. At trial, Mr. Leslie will provide opinions based on the trial evidence (which, pursuant to FRCP 37(c), is limited to that evidence that SCC identified during discovery).

In presenting this Motion and making these arguments, SCC is essentially admitting that it failed to provide thorough interrogatory responses. However, instead of taking responsibility for those failures, SCC instead argues that Mr. Leslie should have known SCC failed to provide all required information in its interrogatory responses and that he should have instead combed through the hundreds of thousands of pages of documents produced in this case and located any and all

---

[6] A responding party must respond to interrogatories under oath and to the fullest extent possible. FED. R. CIV. P. 33(b)(3)

[7] *See also* FED. R. CIV. PROC. 26(e)(2) ("A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing").

[8] The purpose of interrogatories is "to facilitate trial preparation, to provide facts, to narrow the issues, and to reduce the chance of surprise." *Rickles, Inc. v. Frances Denney Corp.*, 508 F. Supp. 4, 7 n.1 (D. Mass. 1980); *see also Citibank, N.A. v. Savage (In re Savage )*, 303 B.R. 766, 773 (Bankr. D. Md. 2003) ("The purpose of interrogatories is to allow the parties to prepare for trial and inform the parties what evidence they must meet.").

documents that might support any of SCC's damages claims. SCC also makes the incredulous argument that Mr. Leslie should be stricken as an expert because he did not review documents that SCC did not even produce until one month *after* the Leslie Report was served and three months *after* the close of fact discovery in this matter. (ECF 179). Mr. Leslie was not retained by SCC, and the scope of his retention was limited to the information SCC was required to identify in its discovery responses. This Court should not reward SCC for its discovery failures, and consequently the Motion should be denied.

### 3. Mr. Leslie's Report Contains Opinions That Are Not Assessed or Analyzed In SCC's Motion in Limine

The Leslie Report addresses numerous topics other than the fact that many of SCC's claimed damages are unsupported by the documents it identified in response to Interrogatory No. 2. However, that is the only subject addressed in SCC's Motion. The Motion completely ignores Mr. Leslie's opinions, as discussed at length in the Leslie Report, that SCC has also "substantially overstated" its claimed interest. SCC also conveniently failed to attach the Leslie Report as an exhibit, so this Court would have no way of knowing the existence of those additional opinions. A review of the Leslie Report quickly establishes that Mr. Leslie's opinions regarding the calculation of interest including the compounding period and the impropriety of compounding interest on funds that had not yet been disbursed are both reliable and relevant. (Exhibit 3 at SLA 13-22).

Notably, as discussed in the Leslie Report, the underlying loan documents are ambiguous regarding the calculation of interest. Neither of the two underlying notes clearly describe how interest should be calculated. (Exhibit 3 at SLA 15). The Leslie Report explains that based on Mr. Leslie's experience as an accountant, if a compounding period is not specified the default period is annual. (*Id*.). The underlying loan documents also state that interest is only to be calculated on the amount of the outstanding principal. (*Id*. at SLA 16). However, SCC compounded interest on a daily basis—and on the maximum amount of the loan—from day one. In Mr. Leslie's opinion, SCC's improper calculation of interest has inflated its damages claim by

1  almost $4,000,000.  (*Id*. at SLA 20).

2  The Leslie Report also presents analysis and opinions regarding calculation of interest at the statutory rate following the date of foreclosure.  (Exhibit 3, SLA 20-21).  If the Court makes such a finding, then SCC's damages claims are overstated by over $16,000,000.  (*Id*.).  The Leslie report also present analysis and opinions as to the calculation of interest in the event the Court finds that all protective payments cease as of the foreclosure date—under this analysis, Mr. Leslie opines that SCC's damages claim are overstated by over $24,000,000.  (*Id*.).

The opinions and interest calculations provided in the Leslie Report involve complex calculations based on a large amount of data.  In such instances, Courts often allow expert testimony.[9]  Here, as summarized above, the interest calculations that will be presented by the parties at trial involve differences amounting to millions of dollars.  This Court should make those determinations on all of the available evidence, including the opinions and testimony of Mr. Leslie.

### 4. Rule 403 Does Not Bar Mr. Leslie's Opinions

SCC claims that Mr. Leslie's opinions are not relevant and should be excluded because of considerations of undue delay or waste of time.  (ECF 271 at 13).  However, SCC fails to explain how Mr. Leslie's opinions would create undue delay or waste time.  Clearly, how SCC calculates its claimed indebtedness (damages) in this deficiency case is relevant.  The fact that Mr. Leslie does not agree with SCC's calculations does not mean his opinion is a waste of time.

Having failed to establish how Rule 403 would bar Mr. Leslie's opinion, SCC instead takes the opportunity to once again – without any valid basis – argue that Defendants Weidner/Jacoby' lawyers have attempted to "mislead the Court" with references to the Leslie Report.  (ECF 271 at

---

[9] *See Moldon v. Clark County Dist. Court Clerk*, 373 P.3d 943 (Nev. 2011) (unpublished) (holding that determination of interest on an amount owed is an "issue of fact" and discussing trial court's reliance upon expert testimony to calculate interest); *Cromeans v. Morgan Keegan & Co*., 2014 WL 5351193 at *1 (W.D. Mo. Oct. 20, 2014) (holding that the opinions of a proposed expert were of assistance to the court and would assist the trier of fact where the expert calculated compound and simple interest on purchased bonds through specialized knowledge by gathering and organizing data, adjusting for an overpayment and a sale, calculating interest based on different methods, and preparing a damages schedule).

15:4-6). This is after the Court's recent admonishment regarding civility and the tone of the briefing in this matter. (ECF 264 at 8). Defendant will not belabor this point, but will simply point out that Weidner/Jacoby's references to the Leslie Report were accurate. Weidner/Jacoby previously remarked in a footnote that Mr. Leslie's report "found numerous issues with SCC's damages calculation, including the unsupported calculating of daily compound interest and charging interest contrary to the terms of the Loan Documents." (ECF 199 at n.22). Even a cursory review of Ms. Leslie's report will reveal that Defendants' description was accurate. Mr. Leslie's report expressly states, among other things, that: (1) "there is no support for a computation of interest using a daily rate" (Exhibit 3 at SLA 14); (2) "[t]he issue of a compounding period . . . is a major issue because the difference between compounding interest annually as opposed to daily creates large differences in interest owed" (Exhibit 3 at SLA 16); and (3) SCC's "[i]nterest is calculated daily on the principal balance plus interest from the prior day. This is not provided for in the supporting documents and is not generally the assumption made when calculating interest." (Exhibit 3 at SLA 24) (emphasis added). Defendants' reference to the Leslie report was accurate and certainly cannot be viewed as an effort to mislead the Court.[10] Defendant invites the Court to review the Leslie Report, his entire deposition transcript and Mr. Leslie's ultimate testimony at trial in order to evaluate Mr. Leslie's opinions and contrast them to what SCC has argued to the Court. While SCC may not agree with Mr. Leslie's Report (as it severely undermines SCC's damages calculation in this matter), SCC has not established any valid basis for Mr. Leslie's opinion to be excluded.

///
///
///
///
///

---

[10] SCC's expert, Paul Regan, also issued a report addressing interest calculation under the Loan Documents. (ECF 272 at APPX 52, 56-57).

## V. CONCLUSION

For the foregoing reasons, SCC's Motion in Limine to Exclude Expert Witness Scott Leslie should be denied in its entirety.

HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ Robert Hernquist
Robert Hernquist, Nevada Bar No. 10616
Mark Gardberg, Nevada Bar No. 10879

*Attorneys for Jodi Fonfa, as executrix to decedent estate of Andrew S. Fonfa*

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Howard & Howard Attorneys PLLC, and that on the 21st day of September, 2022, I caused to be served a copy of foregoing *Opposition to SCC's Motion in Limine to Exclude the Testimony of Scott Leslie* in the following manner:

(ELECTRONIC SERVICE). Pursuant to Fed. R. Civ. P. 5(b)(3) and LR 5-4, the above-referenced document was electronically filed and served upon the parties listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

| | |
|---|---|
| Bob Olson<br>Nathan Kanute<br>SNELL & WILMER, LLP<br>3883 Howard Hughes Pkwy., Suite 1100<br>Las Vegas, Nevada 89169<br><br>*Attorneys for Plaintiff Snow Covered Capitall LLC* | James McCarthy<br>Jason Fulton<br>DIAMOND MCCARTHY LLP<br>2711 N. Haskell Ave., Suite 3100<br>Dallas TX 75204<br><br>*Attorneys for Plaintiff Snow Covered Capitall LLC* |
| Douglas Gerrard<br>Gary Milne<br>GERRARD COX LARSEN<br>2450 St. Rose Parkway, Suite 200<br>Henderson, Nevada 89074<br><br>*Attorneys for Shelly D. Krohn, Bankruptcy Trustee for Lucky Dragon LP Estate* | Nicholas Santoro<br>Oliver Pancheri<br>SANTORO WHITMIRE, LTD.<br>10100 W. Charleston Blvd., Suite 250<br>Las Vegas, Nevada 89135<br><br>*Attorneys for William Weidner & David Jacoby* |

David Snyder
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103

*Attorneys for William Weidner & David Jacoby*

                                  /s/ Robert Hernquist
                                  Howard & Howard Attorneys PLLC

HOWARD & HOWARD ATTORNEYS, PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
(702) 257-1483 FAX: (702) 567-1568