UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SNOW COVERED CAPITAL, LLC,<br><br>   Plaintiff<br><br>v.<br><br>WILLIAM WEIDNER, et al.,<br><br>   Defendants | Case No.: 2:19-cv-00595-APG-NJK<br><br>**Order Denying Request for Preliminary Hearing**<br><br>[ECF No. 357] |

The defendants request that I conduct a preliminary hearing to determine the admissibility of proposed evidence regarding marketing efforts that occurred before the foreclosure sale. ECF No. 357. Snow Covered Capital (SCC) opposes. The request is based on the defendants' theory that if an appraiser did not consider certain facts, then those facts are not relevant and should be precluded at trial. But that is an overly restrictive application of Federal Rule of Evidence 401.

Evidence regarding the fair market value (FMV) of the subject property is not limited to expert witnesses. Fact witnesses may have testimony relevant to FMV. For instance, they may present facts that undercut or support the validity of the experts' opinions. Thus, it would be premature to wholly exclude all evidence from fact witnesses regarding events before the foreclosure sale.

That being said, such trial exhibits and testimony must relate to the FMV of the subject property.[1] Evidence related to the attempted sale of the debtor entity or of partial interests in it

---

[1] I acknowledge there may be additional issues to resolve at trial (e.g., relevance of post-foreclosure marketing efforts, the availability of post-foreclosure damages). Those will be addressed by the parties per my prior schedule. *See* ECF No. 361. This order does not affect those issues.

does not appear to be relevant to the FMV of the property. It is unclear at present whether SCC's proposed witnesses have testimony relevant to that issue. For instance, SCC's descriptions of the witnesses' proposed testimony do not specify whether they will testify about efforts to sell the property or the entity. *See*, *e.g.*, ECF No. 365 at 13 ("Mr. Sodl marketed the Lucky Dragon on behalf of Innovation Capital. . . . Mr. Parks [and Mr. Paglia] marketed the Lucky Dragon on behalf of CBRE Group . . . ."). It is also unclear whether Messrs. Landa, Stoller, and Alarcon will attempt to offer expert testimony despite not being identified as such. In addition, Messrs. Stoller and Alarcon were not identified in SCC's list of trial witnesses; rather, they were listed solely as witnesses by deposition. *See* ECF No. 287-1 at 126-128, 200-201. Thus, they would not be permitted to testify live.

Finally, to the extent either party wastes trial time presenting evidence that is irrelevant to the issues at trial, that time will be deducted from that party's overall trial time.[2]

I THEREFORE deny the defendants' request for a preliminary hearing on these issues.[3]

DATED this 3rd day of January, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[2] I have not yet set a limit on the time each side will be allocated for trial.

[3] Finally, I feel compelled to again caution SCC's counsel about the inflammatory rhetoric in its opposition. *See*, *e.g.*, ECF No. 365 at 9 ("One of the most notoriously bad appraisal opinions in Nevada history . . . ."); at 5 ("this sorry history of non-sales"); at 7 (motion "goes off the rails early"); at 12 (motion "should fail here just as spectacularly"). Such language does not advance SCC's arguments and serves only to demean the writer.

2