# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SNOW COVERED CAPITAL, LLC,

    Plaintiff

v.

WILLIAM WEIDNER, et al.,

    Defendants

Case No.: 2:19-cv-00595-APG-NJK

**Order**

Plaintiff Snow Covered Capital, LLC (SCC) moves to dismiss defendant David Jacoby under Federal Rule of Civil Procedure 41(a)(2) because SCC and Jacoby have reached a settlement. ECF No. 362. Defendant Jodi Fonfa, as executrix of the Estate of Andrew Fonfa (Fonfa), does not oppose Jacoby being dismissed but requests that dismissal be conditioned on reopening discovery because Jacoby has signed a declaration in connection with the settlement that contradicts prior sworn deposition testimony and interrogatory responses Jacoby gave in this case. Fonfa contends that there was no notice that Jacoby intended to disavow his prior testimony and offer new statements. Fonfa requests both written discovery and a deposition to explore the bases for the statements in Jacoby's new declaration.

Defendant William Weidner likewise does not oppose Jacoby being dismissed as a defendant, but he also requests that dismissal be conditioned on additional discovery.[1] In addition to the concerns Fonfa raises, Weidner notes that he and Jacoby previously were jointly represented by the same counsel, and he therefore should be able to explore whether the attorney-client privilege has been violated. Weidner requests written discovery, to depose

---

[1] Weidner also objects to language in the proposed stipulation to dismiss that SCC submitted. I do not adopt that language because it is unnecessary.

Jacoby, and to depose SCC employees Enrique Landa and Griff Harsh.  He also requests documents that Jacoby provided or intends to provide to SCC relating to Jacoby's trial testimony.

SCC replies that because the defendants seek to reopen discovery, their requests should be analyzed under Rule 16's good cause standard, not as a condition to dismissal under Rule 41. SCC contends there is no good cause to reopen discovery on the eve of trial because that will prejudice SCC by again delaying the trial and would prejudice Jacoby by making him bear additional expense.  SCC argues that additional discovery is not needed because it is not unusual for a defendant to settle close to trial and the defendants had the opportunity to take discovery from Jacoby years ago but made the strategic choice not to do so.  SCC also asserts that to the extent Jacoby is contradicting prior testimony, the defendants can cross-examine and impeach him, but that does not open the door to more discovery.  SCC (and Jacoby in a new declaration) deny that Jacoby has shared privileged information.  Alternatively, SCC argues that if I am inclined to allow discovery, that I order it be done promptly so as not to delay the trial.

SCC's moves under Rule 41(a)(2), which provides that a plaintiff can voluntarily dismiss a claim at this stage of the proceedings "only by court order, on terms that the court considers proper."  I should grant a motion for voluntary dismissal under Rule 41(a)(2) "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987).  Legal prejudice in this context "means prejudice to some legal interest, some legal claim, some legal argument." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1280 (9th Cir. 2023) (quotation omitted).  Whether to attach terms and conditions to dismissal lies within my discretion. *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989).

1    I will grant the voluntary dismissal of Jacoby with prejudice based on the settlement

2    between him and SCC after compliance with the terms and conditions of dismissal I impose

3    below.  As a term of dismissal under Rule 41(a)(2), I grant limited and expedited discovery.  The

4    defendants have shown that Jacoby intends to offer testimony at trial that contradicts prior

5    positions he has taken under oath in this case.  Although the defendants have apparently known

6    for months that Jacoby was engaged in settlement negotiations with SCC, there is no evidence

7    presented to me that the defendants knew, prior to seeing Jacoby's new declaration, that he

8    intended to alter his prior sworn statements.  The defendants thus could not have pursued

9    discovery on Jacoby's new positions during the discovery period.[2]  And they are prejudiced by

10   Jacoby's unforeseen change in testimony shortly before trial that contradicts his own prior

11   testimony and the positions all the defendants have taken throughout this litigation.  I therefore

12   will allow the defendants to depose Jacoby to address this development.  The deposition is

13   limited to seven hours.  Fonfa and Weidner may allocate that time between them in any way they

14   agree to, but if they cannot agree, then the time will be split evenly between them.  The

15   deposition must be conducted no later than February 16, 2024.

16   I also order that by January 24, 2024, SCC must disclose every document that Jacoby has

17   provided to SCC pursuant to the settlement agreement's terms,[3] either by providing a copy to

18   Fonfa and Weider or by identifying the documents if they have already been produced in

19   discovery.  If Jacoby provides additional SCC documents after this order is entered, SCC must

20   disclose those documents to Fonfa and Weidner within one day of receipt.

21   _____

22   [2] For the same reasons, to the extent Rule 16 applies, the defendants have shown good cause to
     amend the scheduling order. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir.
     2000); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

23   [3] Under the settlement agreement, Jacoby agreed to "provide SCC and its counsel any non-
     privileged documents relating to his testimony." ECF No. 374-1 at 3.

I deny the defendants' request for written discovery or to depose other witnesses.  As of now, I am not moving the trial date.  The parties are instructed to work cooperatively to disclose the documents and schedule the deposition as expeditiously as possible given the rapidly approaching trial.

I THEREFORE ORDER that by January 24, 2024, plaintiff Snow Covered Capital, LLC must disclose every document that David Jacoby has provided to it pursuant to the settlement agreement, either by providing a copy to defendants Fonfa and Weider, or by identifying the documents if they have already been produced in discovery.  If Jacoby provides SCC documents after this order is entered, SCC must disclose those documents to Fonfa and Weidner within one day of receipt.

I FURTHER ORDER that defendants Fonfa and Weidner may take Jacoby's deposition. The deposition is limited to seven hours and must be conducted no later than February 16, 2024. Fonfa and Weidner may allocate the deposition time between them in any way they agree, but if they cannot agree, then the time will be split evenly between them.

I FURTHER ORDER that upon completion of these tasks, Snow Covered Capital, LLC may file a status report indicating that the terms of dismissal have been complied with, at which time I will dismiss Snow Covered Capital, LLC's claims against David Jacoby with prejudice, each side to bear its own costs and fees associated with this litigation.

DATED this 18th day of January, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE